Eula Mae LOGAN, etc., et al.,
Plaintiff-Appellant,

v.

Dan HOLLIER, et al.,
Defendants-Appellees.

No. 82–3172.

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1983.

Rehearing Denied Sept. 26, 1983.

Eugene Barriffe, Jr., Mary Anne Mumme, New Orleans, La., for plaintiff-appellant.

Sanders, Downing, Kean & Cazedessus, Charles S. McCowan, Jr., Baton Rouge, La., Pamela C. Walker, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, James L. Pate, Lafayette, La., for defendants-appellees.

Before GARZA, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

Eula Mae Logan filed this wrongful death suit individually, as administrator of the succession of her daughter Glenda Jean Lewis, and on behalf of her deceased daughter's five minor children. Named as defendants were the City of Breaux Bridge, Louisiana, its Police Department, Police Chief, and Council Members, unidentified insurers, and two police officers, Dan Hollier and Lloyd Spencer. Plaintiff invoked 42 U.S.C. § 1983 and Louisiana Civil Code article 2315.

The defendants moved for dismissal of Logan's individual claims. While conceding the correctness of the motion to dismiss the Louisiana law claim, Logan challenges the dismissal of her individual claim under § 1983. The district court dismissed that claim pursuant to Civil Code article 2315 which prescribes that the mother of a decedent is pre-empted from filing a wrongful death action if the decedent is survived by a child. The district court was of the view that the hierarchy of beneficiaries in Louisiana's wrongful death statute applied to the § 1983 claim. Applying that statutory scheme, the district court concluded that Logan had no standing to sue and no entitlement to assert a § 1983 deprivation.

We vacate and remand for the determination by the district court whether Logan has a cognizable claim under § 1983 for the injury to her constitutionally protected liberty interest in parenthood, separate and apart from the state law created wrongful death action. We express no opinion as to

the ultimate resolution of this inquiry. It should, however, be apparent from our decision today that we view the question as a serious one. In that light we share a few observations.

The courts have long recognized that the Constitution protects the family and basic familial relationships and practices. Cases have involved, *inter alia,* religious freedoms, education and upbringing of children, living patterns, and reciprocal rights of parents and children. The recognition of constitutional rights associated with the family and its members began with *Meyer v. Nebraska,* 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923), and has continued through a long line of cases, including: *Pierce v. Society of Sisters,* 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); *Prince v. Massachusetts,* 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Levy v. Louisiana,* 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); *Glona v. American Guarantee & Liability Insurance Co.,* 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968); *Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); and *Moore v. City of East Cleveland,* 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977).

In *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), Justice White spoke to the relationship between parent and child in ringing tones:

> It is plain that the interest of a parent in the companionship, care, custody, and management of his or her children "come[s] to this Court with a momentum for respect lacking when an appeal is made to liberties which derive merely from shifting economic arrangements." (Citations omitted.)
>
> The Court has frequently emphasized the importance of the family. The rights to conceive and to raise one's children have been deemed "essential," *Meyer v. Nebraska,* 262 US 390, 399, 67 L Ed 1042, 1045, 43 S Ct 625 [626], 29 ALR 1446 (1923), "basic civil rights of man," *Skinner v Oklahoma,* 316 US 535, 541 86 L Ed 1655, 1660, 62 S Ct 1110 [1113] (1942), and "[r]ights far more precious . . . than property rights," *May v Anderson,* 345 US 528, 533, 97 L Ed 1221, 1226, 73 S Ct 840 [843] (1953). . . . The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, *Meyer v Nebraska,* supra [262 U.S.] at 399, 67 L Ed at 1045 [43 S.Ct. at 626] the Equal Protection Clause of the Fourteenth Amendment, *Skinner v Oklahoma,* supra [316 U.S.] at 541, 86 L Ed at 1660 [62 S.Ct. 1110, 1113], and the Ninth Amendment, *Griswold v Connecticut,* 381 US 479, 496, 14 L Ed 2d 510, 522, 85 S Ct 1678 [1688] (1965) (Goldberg, J., concurring).

We perceive as particularly pertinent to the resolution of the instant inquiry, the opinion in *Jones v. Hildebrant,* 432 U.S. 183, 97 S.Ct. 2283, 53 L.Ed.2d 209 (1977). Though the guidance it offers is not dispositive, the language is instructive. The opinion suggests the possibility that a parent's claim for the wrongful death of a child under § 1983 may have an existence quite apart from the state's wrongful death provision.

Accordingly, we VACATE and REMAND for the district court to determine whether Eula Mae Logan has a cause of action under the Constitution and § 1983 for the wrongful death of her daughter Glenda Jean Lewis, independent of the Louisiana wrongful death statute.