PARIENTE, Judge,
dissenting.
This is a final appealable order only as to the claims of Juan Luis Garcia, Sr., on behalf of his minor children, and not as to those brought by him individually because several of his related claims are still pending. See Biasetti v. Palm Beach Blood Bank, Inc., 654 So.2d 237 (Fla. 4th DCA 1995). The dismissal of the children’s claim for deprivation of familial association is appealable because there are no other pending counts for which they could recover damages.
The complaint alleges that Juan Luis Garcia, Sr. was wrongfully imprisoned for thirty months. At the time of his arrest, his daughter, Darlene Garcia, was six years old and his son, Juan Luis Garcia, Jr., was twelve years old. The complaint alleges that as a result of her father’s absence, Darlene sustained severe mental trauma requiring psychiatric therapy. It is further alleged that both Darlene and Juan suffered the loss of their father’s care and companionship together with the loss of financial support in the form of child support.
The seminal question presented is whether there is a constitutionally-protected liberty interest in family companionship and association under the due process clause of the United States Constitution, which would allow the children to bring a civil rights action under 42 U.S.C. § 1983 for unlawful state interference with that right. There is no Florida ease law or eleventh circuit decision on the subject, either recognizing or rejecting this cause of action. In my opinion, expansion of the law to allow a claim to be filed on behalf of the children for a substantial constitutional deprivation directly occasioned by the alleged misconduct of the state is consonant with the purpose of § 1983 actions.
In Smith v. City of Fontana, 818 F.2d 1411, 1418 (9th Cir.1987), cert. denied, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987), the ninth circuit explained its reasoning for recognizing an independent civil rights claim of a child:
*1295 We now hold that this constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents. The companionship and nurturing interests of parent and child in maintaining a tight familial bond are reciprocal, and we see no reason to accord less constitutional value to the child-parent relationship than we accord to the parent-child relationship. Cf. Roberts v. United States Jaycees, 468 U.S. 609, 619-20, 104 S.Ct. 3244, 3250, 82 L.Ed.2d 462 (1984) (“Family relationships, by their nature, involve deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one’s life.”).
(Footnote omitted). Accord Bell v. City of Milwaukee, 746 F.2d 1205, 1242-48 (7th Cir.1984); see also Estate of Bailey v. County of York, 768 F.2d 503, 509 n. 7 (3d Cir.1985), overruled on other grounds, DeShaney v. Winnebago County Dep’t of Social Servs., 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); Logan v. Hollier, 711 F.2d 690, 690-91 (5th Cir.1983), cert. denied, 466 U.S. 936, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984); Greene v. City of New York, 675 F.Supp. 110 (S.D.N.Y.1987). But see Berry v. Muskogee, 900 F.2d 1489 (10th Cir.1990); Broadnax v. Webb, 892 F.Supp. 188 (E.D.Mich.1995).
This case is distinguishable from the de minimis separation in Willard v. City of Myrtle Beach, 728 F.Supp. 397 (D.S.C.1989), which involved a four hour detention and was decided at the summary judgment phase. In Willard, based solely on their child’s four-hour detention by the police, the parents brought a civil rights action alleging a deprivation of their constitutional right to the continued companionship of their son.
While the nearly three-year separation in this case was not a permanent separation as in cases of death, the effects of the separation during the children’s formative years may very well be permanent. Allowing the children’s constitutional claim in this case to withstand a motion to dismiss does not trivialize the constitutional right to familial association.
The complaint alleges a substantial loss over a long period of time. Because we are reviewing this case on a motion to dismiss, we must accept the allegations of the complaint as true. I cannot say as a matter of law that no substantial deprivation of the children’s constitutional rights occurred as a result of the allegedly wrongful incarceration of their father. Although plaintiff Juan Garcia, Sr. has other cognizable causes of action available to him individually, there is no other relief available to the children. I, therefore, would reverse and find that this complaint states a cause of action.
BY ORDER OF THE COURT:
ORDERED that appellants’ suggestion of question of great public importance filed June 26, 1996, is granted, and the following question is hereby certified:
WHETHER THE CHILDREN HAVE A CONSTITUTIONALLY PROTECTED LIBERTY INTEREST IN FAMILY COMPANIONSHIP UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT THAT WOULD ALLOW A CLAUSE OF ACTION UNDER 42 U.S.C. SEC. 1983 WHEN THE STATE UNLAWFULLY IMPRISONS THEIR FATHER FOR 30 MONTHS?