**NATIONAL SURETY CORPORATION, Plaintiff-Appellee, v. BLACKBURN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4421.   Decided January 4, 1951.

Samuel Luper, Columbus, for plaintiff-appellee.
Roy C. Blackburn, Columbus, for self.

## OPINION

By THE COURT.

This is a motion to certify the record in this case for the alleged reason that the same is in conflict with the case of Blackburn v. Powhatan Point Board of Education, and being case No. 803 of the Court of Appeals for the Seventh District of Ohio. This is not a reported case to our knowledge and no citation is given. Our examination of the appellant's brief and quotations from the case does not reveal that the Court held that an order striking a petition from the files is a final order. But even if it did so hold it would be vain for us to sustain the motion which would require the Supreme Court to restate the law, as we followed the decision of the Supreme Court cited in our original opinion, to wit, **State v. Gilman, 126 Oh St 379.**

A further reason for denying the motion is that under the ■ concluding sentence of §1483 GC recognition and sanction are not to be accorded to unofficially reported opinions. **Bevon v. Century Realty Co., 64 Oh Ap 66.**

The motion will be overruled.

MILLER, PJ, WISEMAN, J, concur.

HORNBECK, J., concurs in the conclusion that it does not clearly appear that our judgment is in conflict with Blackburn v. Powhatan Point Board of Education.

Dissents from other parts of the opinion.

### ON MOTION SEEKING DISMISSAL OF APPEAL

No. 4602. Decided May 14, 1951.

### OPINION

By THE COURT.

Submitted on motion by the plaintiff-appellee seeking an order dismissing the appeal for the following reasons:

"1. The order of the lower court entered December 14, 1950 is not a final order from which an appeal can be taken.

"2. No transcript nor Bill of Exceptions was filed by defendant-appellant within fifty days of the filing of notice of appeal dated December 26, 1950."

The order appealed from is the following:

"On the 7th day of December, 1950 this matter came before the Court for a consideration of the paper writings filed by defendant denominated: 'Petition for Re-Trial,' 'Motion for Judgment,' 'Demurrer' and 'Motion Concerning Attorney for Self.'

"It is the Order of the Court that all of said paper writings be and they are hereby sua sponte stricken from the files of this Court for the reason that all matters relating thereto have been adjudicated by other branches of the Court."

We are of the opinion that the first branch of the motion is well taken. The overruling of a motion for a new trial is not a final order. **Young v. Shallenberger, 53 Oh St 291.** Neither is the motion for a judgment a final order to which error may be prosecuted. **2 Oh Ap 323; 20 O. C. C. (N. S.) 210.** A ruling on a demurrer is not a final order. **Holbrook v. Connelly, 6 Oh St 200;** Realty Co. v. Smith, 23 O. N. P. (N. S.) 489; **National Guarantee & Finance Co. v. Russell, 25 Abs 483.** The overruling of the "Motion Concerning Attorney for Self" is an interlocutory order and therefore not final. **Heater Co. v. Stove Co., 41 Oh St 287; Canning Co. v. Weller, 9 Oh Ap 468.**

The second branch of the motion will be overruled for the reason that it does not appear that a bill of exceptions is necessary to exemplify the errors complained of.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.