**The STATE of Ohio, Appellee,**

v.

**ENTREPRENEURIAL DEVELOPMENT COMPANY,**
**d.b.a. ENDEC Corporation, Appellant, et al.**

[Cite as *State v. Entrepreneurial Dev. Co.* (1989), 65 Ohio App.3d 503.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–56.

Decided Dec. 5, 1989.

*Anthony J. Celebrezze, Jr.*, Attorney General, *Simon B. Karas, Diane Goss Paynter* and *Thomas D. McGuire*, for appellee.

*Michael F. Colley Co., L.P.A., Michael F. Colley, Kevin J. O'Brien,* and *D. Jack Smith, Jr.;* and *Jay Swob,* for appellant.

*Bell, White, Ross, Lawrence & Culbreath* and *Herbert Lawrence,* for appellee Dunlap.

*Ralph Shapiro,* for appellees Brace and Williams.

PEGGY BRYANT, Judge.

Defendant-appellant, the Entrepreneurial Development Co., appeals from a judgment of the Court of Claims dismissing appellant's counterclaim against plaintiff-appellee, state of Ohio, denying appellant leave to amend its counterclaim and remanding the case to the Franklin County Common Pleas Court.

On May 12, 1988, the state filed a complaint against appellant in the Franklin County Court of Common Pleas alleging violations of the Consumer Sales Practices Act and the prohibitions against pyramid sales. On the same day, the state secured a temporary restraining order, and on June 6, 1988, a preliminary injunction was issued. No answer was filed and on July 14, 1988, the state moved for default judgment.

On July 15, 1988, appellant filed an answer and a counterclaim against the state. The state moved to dismiss the counterclaim for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. On

October 7, 1988, a hearing was held on all pending motions but the decision of the trial court was never journalized.

Based on its pending counterclaim against the state under Section 1983, Title 42, U.S.Code, appellant filed on October 14 a petition to remove the case to the Court of Claims. In the Court of Claims, the state moved to dismiss appellant's counterclaim contending that the state is not a person for the purposes of Section 1983, Title 42, U.S.Code. The state further sought to remand the case to the common pleas court, since the state would no longer be a defendant. Alternatively, the state argued that the case should be remanded since the trial court was improperly divested of jurisdiction.

On November 21, 1988, appellant filed a motion for leave to amend its counterclaim to add various non-Section 1983 claims against the state. In addition, appellant filed an original action against the state alleging these same non-Section 1983 claims.

After hearing arguments on the various motions pending before it, the trial court granted the state's motion to dismiss the counterclaim, denied appellant leave to amend its counterclaim, and remanded the matter to the Franklin County Court of Common Pleas. Appellant appeals therefrom, asserting the following assignments of error:

"I. The Court of Claims erred and abused its discretion in refusing to permit ENDEC leave to file a timely amended counterclaim against the state.

"II. The Court of Claims erred in dismissing ENDEC's 42 U.S.C. 1983 counterclaim against the state of Ohio for failure to state a claim."

■ Preliminarily, we address the state's claim that the order dismissing the state as a party and remanding the case to the common pleas court is not a final appealable order. This court recently held such an order to be final and appealable. See *Society Bank v. Bucheit* (Oct. 31, 1989), Franklin App. Nos. 88AP–1173 through 88AP–1178 and 89AP–52, unreported 1989 WL 129454. We see nothing in the facts presented herein to require a different result.

■ To address, then, appellant's first assignment of error, appellant maintains that since leave to amend "shall be freely given when justice so requires," Civ.R. 15(A), the Court of Claims abused its discretion in denying appellant's motion to amend its counterclaim against the state.

Inasmuch as this case does not involve amendment as of right or by agreement of the parties, according to Civ.R. 15(A), amendment with leave of court is granted at the discretion of the trial court. The court's denial of such a motion will not be disturbed on appeal absent an abuse of that discretion. *Dept. of Taxation v. Cemetery Mgt. Service Co.* (1981), 2 Ohio App.3d 115,

117, 2 OBR 128, 130–131, 440 N.E.2d 1222, 1224. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

The state commenced this action in the common pleas court where both a temporary restraining order and a preliminary injunction were issued. The parties, under direction of the court, purportedly were engaged in discovery. The effect, then, of the trial court's ruling on appellant's proposed amendment was to weigh the relative merit of trying the entire case as one in the Court of Claims or of allowing that portion which had been substantially presented and determined in the common pleas court to be finally determined in that forum. While appellant's goal of litigating all claims in one action is not without merit, we are unable to find an abuse of discretion in the trial court's deciding to refuse amendment of the counterclaim, with the necessary result that the original case be remanded to the common pleas court for ultimate determination.

We note that, in refusing to allow appellant to amend its counterclaim in the Court of Claims, the court did not preclude appellant from litigating the claims subject of its amendment: appellant had filed an original action in the Court of Claims setting forth the claims it sought to include in an amended counterclaim in that court. Further, although some duplication of efforts may occur by reason of separate actions in the common pleas court and the Court of Claims, appellant's proposed amended counterclaim appears to set forth claims largely independent of the facts underlying the complaint in the common pleas court.

In the final analysis, the trial court's ruling was within its discretion. Appellant's first assignment of error is overruled.

█ In its second assignment of error, appellant invites us to reexamine and overrule our decision in *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App.3d 170, 528 N.E.2d 607; appellant asserts that the state is a "person" for actions brought under Section 1983, Title 42, U.S.Code, and that the trial court erred in dismissing appellant's counterclaim against the state.

We decline appellant's invitation, especially in light of the United States Supreme Court's recent decision in *Will v. Michigan Dept. of State Police* (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45. Since the state is not a person for the purposes of Section 1983, Title 42, U.S.Code, the trial court properly dismissed appellant's counterclaim against the state under that section. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d

242, 71 O.O.2d 223, 327 N.E.2d 753. Appellant's second assignment of error is overruled.

Having overruled both of appellant's assignments of error, the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and AMMER, JJ., concur.

WILLIAM AMMER, J., of the Pickaway County Court of Common Pleas, sitting by assignment.