## Christian v. Dayton
*[Cite as 3 AOA 38]*

*Case No. 11752*
*Montgomery County (2nd)*
*Decided May 17, 1990*

*Frederik E. Davis, Jr., 420 West First Plaza, 333 West First Street, Dayton, OH 45402, Attorney for Plaintiff-Appellant.*

*Giselle Johnson, Assistant City Attorney, 101 West Third Street, P. O. Box 22, Dayton, OH 45402, Attorney for Defendants-Appellees.*

FAIN, J.

The sole issue in this appeal is whether a common pleas court has jurisdiction to entertain an action brought pursuant to 42 U.S.C. Section 1983. We answer this question in the affirmative. Therefore, the judgment of ·the trial court dismissing plaintiff-appellant Patricia Christian's 42 U.S.C. Section 1983 claim will be reversed, and this cause will be remanded for further proceedings.

I

Christian brought this action against the City of Dayton and two Dayton police officers alleging that the police officers "struck and otherwise assaulted and abused [her] without any lawful reason to do so," during her arrest for various traffic offenses. Count II of her complaint asserted a claim based upon 42 U.S.C. Section 1983, based upon the alleged violation of Christian's civil rights.

Defendants-appellees moved to dismiss Christian's complaint for failure to state a claim upon which relief could be granted.

The trial court granted the motion to dismiss, holding, among other things, that it had no jurisdiction to entertain a claim based upon 42 U.S.C. Section 1983.

Following the dismissal of her complaint, Christian filed an amended complaint to state a claim under state law, consistently with the trial court's previous holding that she had failed to state a claim in her original complaint. Thereafter, the trial court, noting that it had, as a result of Christian's amended complaint, entered judgment as to fewer than all of her claims, "expressly determined that there is no just reason for delay in regard to such claims which remain dismissed."

Christian has appealed from the dismissal of her 42 U.S.C. Section 1983 claim.

II

Christian's sole Assignment of Error is as follows:

"IT WAS ERROR FOR THE TRIAL COURT TO DISMISS APPELLANT'S SECTION 1983 CLAIM FOR LACK OF JURISDICTION."

Appellees rely upon three unreported decisions of this court in support of their argument that the trial court lacks jurisdiction to entertain a federal claim under 42 U.s.C. Section 1983: "*Shapiro v. City of Dayton* (Oct. 6, 1981), Montgomery App. No. 7183, unreported; *Wheeler v. General Motors Corp.* (January 12, 1979), Montgomery App. No. 5889, unreported; and *Johnson v. City of Dayton* (Oct. 7, 1981), Montgomery App. No. 7184, unreported."

Christian relies upon a more recent decision of this court, *Clemmons v. Yaezell* (Dec. 29, 1988), Montgomery App. No. 11132, unreported. Christian also relies upon *Cooperman v. University Surgical Associates* (1987), 32 Ohio St. 3d 191.

Appellees point out that *Cooperman, supra,* upheld the dismissal of a 42 U.S.C. Section 1983 action, and did not address the issue of whether a common pleas court has subject matter jurisdiction with respect to such a claim. Appellees also argue that in *Clemmons v. Yaezell, supra,* this court did not expressly overrule *Shapiro v. City of Dayton, supra.*

In *Clemmons v. Yaezell, supra,* this court expressly held that a common pleas court has subject-matter jurisdiction to entertain an action for money damages brought under 42 U.S.C. Section 1983. In *Clemmons v. Yaezell, supra,* we relied upon *Schwarz v. Ohio State University* (1987), 31 Ohio St. 3rd 267, in which the Supreme Court held that courts of common pleas possess jurisdiction to entertain federal claims seeking prospective injunctive relief brought under 42 U.S.C. Section 1983 against individual state

officers in their official capacities, in order to redress alleged deprivations of rights, privileges, or immunities guaranteed by the United States Constitution. In *Clemmons v. Yaezell, supra,* we found no basis to distinguish an action for money damages based upon 42 U.S.C. Section 1983 from an action for injunctive relief. We still see no reason to distinguish a claim for money damages from a claim for injunctive relief. Accordingly, we regard *Schwarz v. Ohio State University, supra* as supporting the proposition that common pleas courts have subject-matter jurisdiction to entertain actions for money damages brought under 42 U.S.C. Section 1983.

As appellees note, this court did not expressly overrule *Shapiro v. City of Dayton, supra,* in *Clemmons v. Yaezell, supra.* The reason that this court did not overrule *Shapiro v. City of Dayton* is that *Shapiro v. City of Dayton* is an unreported opinion. Pursuant to the last sentence of R.C. 2503.20, "recognition and sanction" are not to be accorded to opinions that are not officially reported. *National Surety Corp. v. Blackburn* (1951), 62 O.L.A. 158, 106 N.E. 2d 781 (Franklin App.). Therefore, it is not appropriate for us to "overrule" an unreported opinion. It should be clear, however, based upon our reasoning in this opinion and in *Clemmons v. Yaezel, supra,* that we are not inclined to follow *Shapiro v. City of Dayton, supra,* any longer. Christian's sole Assignment of Error is sustained.

### III

Christian's sole Assignment of Error having been sustained, the dismissal of her 42 U.S.C. Section 1983 claim will be reversed, and this cause will be remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

WILSON and GRADY, JJ., concur.