**MULLINS, Appellant,**

v.

**BIRCHFIELD, Appellee.**

[Cite as *Mullins v. Birchfield* (1993), 88 Ohio App.3d 170.]

Court of Appeals of Ohio,
Allen County.

No. 1–90–69.

Decided June 4, 1993.

*Glen F. Mullins, pro se.*

*Lee Fisher,* Attorney General, and *Gary D. Andorka,* Assistant Attorney General, for appellee.

---

THOMAS F. BRYANT, Judge.

Appellant Glen Mullins appeals *pro se* from a judgment of the Common Pleas Court of Allen County dismissing his complaint pursuant to Civ.R. 12(B)(6).

Appellant, an inmate at the Lima Correctional Institution, filed a complaint against prison officer appellee Steven Birchfield individually and in his capacity as a state employee, alleging Birchfield had violated both state and federal law.

In his complaint, Mullins alleges that Birchfield violated Sections 1983, 1985(3) and 1986, Title 42, U.S.Code and Ohio state law by discriminating against him and interfering with his mail correspondence, thereby denying him access to courts, all as retaliation against Mullins for lawsuits he had filed against other prison officers.

The trial court dismissed Mullins's complaint without prejudice, citing *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82, which held that an action for damages against the sovereign state of Ohio and its agencies and officers may not be maintained in any court other than the Court of Claims, and R.C. 9.86, which provides that state officers and employees are immune from personal liability unless they acted beyond the scope of their employment or acted "with malicious purpose, in bad faith, or in a wanton or reckless manner."

It is from this judgment that appellant now appeals, asserting a single assignment of error:

"The trial court abused its discretion in dismissing appellant [*sic*] complaint pursuant to R.C. 2743.02 and R.C. 9.86, in ruling that the court lack [*sic*] jurisdiction of the subject matter because the Court of Claims must first determine whether the state employee are [*sic*] entitled to personal immunity."

R.C. 2743.02, as amended on October 20, 1987, states in pertinent part:

"(F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

"The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code."

Pursuant to R.C. 2743.02(F) and R.C. 9.86, appellant's state law claims were properly dismissed by the trial court. In order to bring such claims against a state employee, an action to determine whether the employee is entitled to immunity must first be filed in the Court of Claims. *Conley v. Shearer* (1992), 64

Ohio St.3d 284, 595 N.E.2d 862; *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606.

 R.C. 2743.02(F) and 9.86 do not apply to actions brought against state employees based on federal law. *Conley*, 64 Ohio St.3d at 292, 595 N.E.2d at 869. As noted in *Conley*, R.C. 9.86 applies only to civil actions arising under state law. *Id.*

Appellant's assignment of error is overruled in part and sustained in part. The trial court properly dismissed appellant's claims which are based on state law but improperly dismissed his claims which are based on federal law.

Accordingly, the judgment of the Common Pleas Court of Allen County is affirmed in part and reversed in part and this action is remanded to that court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

HADLEY, J., concurs.

EVANS, P.J., concurs separately.

EVANS, Presiding Judge, concurring separately.

Although the majority reaches the correct decision in this case, I find that this case, which presents us with an issue which has not been previously unanimously resolved by this court, merits more than a cursory analysis of the underlying rationale for the decision.[1]

In *Mullins v. Rower* (Mar. 20, 1991), Allen App. No. 1–90–16, unreported, 1991 WL 44174, Mullins, the same plaintiff herein, asserted claims based on alleged violations of both state and federal law. Although we affirmed the trial court's dismissal of the plaintiff's complaint, Mullins's federal claims were dismissed, on the defendant's motion, pursuant to Civ.R. 12(B)(6), for "failure to state a claim upon which relief can be granted." *Rower, supra,* at 8, 1991 WL 44174 at *3. We also affirmed the court's holding that the plaintiff's *state law claims* must be dismissed "unless and until the Ohio Court of Claims determines that defendants are not entitled to immunity under * * * [R.C. Sec. 9.86] and pursuant to 2743.02(F) of the Ohio Revised Code." *Id.*

---

1. This case was heard nearly two years ago, before the Supreme Court of Ohio rendered its decision in *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 595 N.E.2d 862, upon which the majority bases its decision herein.

However, appellee herein has not argued that appellant's complaint failed to "state a claim" under Civ.R. 12(B)(6),[2] nor does it appear that appellee's motion to dismiss was asserted on that basis.[3] The trial court ordered dismissal on the basis that it lacked subject matter jurisdiction pursuant to *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82. However, since *Friedman* involved an action against the state of Ohio on a contract to which the state was a party, that case is inapposite to, and thus not dispositive of, the federal civil rights action at issue before us.

As we previously noted in *Mullins v. Moore* (Jan. 22, 1992), Allen App. No. 1-90-67, unreported, 1992 WL 14354,[4] the United States Supreme Court, approving and following the majority rule, has unequivocally held that a state is not a "person" within the meaning of Section 1983 and therefore may not be sued pursuant to that statute, regardless of whether the state has waived its Eleventh Amendment immunity, such as Ohio has by its Court of Claims Act. See *Will v. Michigan Dept. of State Police* (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 ("state is not a person for purposes of section 1983 actions"); *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities* (C.A.6, 1987), 825 F.2d 946, 953 (Section 1983 action against state's officials may be prosecuted "as if the [Ohio] Court of Claims Act had never been passed").

---

**2.** I find that appellant's complaint in this case does "state a claim" upon which relief could be granted, and thus may not be dismissed on the same basis as was the complaint in *Mullins v. Rower, supra.* See, *e.g., Gregory v. Nunn* (C.A.7, 1990), 895 F.2d 413 (inmate's allegation that prison officials lost his legal papers and documents is sufficient to constitute viable claim for deprivation of civil rights); *Sprouse v. Babcock* (C.A.8, 1989), 870 F.2d 450 (inmate's complaint stated cause of action since intentional obstruction of a prisoner's right to seek redress of grievances is type of conduct Section 1983 is intended to remedy); *Haley v. Dormire* (C.A.8, 1988), 845 F.2d 1488 (*pro se* prisoner's complaint is to be liberally construed as stating cause of action; denial of access to law library and legal assistance in retaliation for filing civil rights actions against officials states claim for relief and is not frivolous); *Jackson v. Procunier* (C.A.5, 1986), 789 F.2d 307 (intentional delay by prison mailroom personnel of inmate's petition to the court is valid basis of claim under Section 1983).

**3.** Appellee's motion was predicated on "Rule 12(6) [*sic* ] of the Ohio Rules of Civil Procedure." However, we note that there is no such rule. To compound the ambiguity of such a motion, the trial judge then proceeded to rule on the motion, granting dismissal based on "Civ.R. 12(6) [*sic* ]." Again, there is no such rule. Appellee's brief memorandum in support of the motion presented argument on only the following contention:

"The Allen County Court of Common Pleas Has No Jurisdiction To Entertain Plaintiff's Claims."

Appellant, understandably confused and, due to his incarceration probably unable to seek clarification on the grounds of the motion, judiciously asserted arguments addressing dismissal pursuant to both Civ.R. 12(B)(1) and 12(B)(6).

**4.** *Moore* has since been followed and cited by other Ohio appellate courts. See, *e.g., Gumpl v. Bost* (1992), 81 Ohio App.3d 370, 611 N.E.2d 343.

The Court of Appeals for the Fourth Appellate District, addressing issues analogous to those before us, recently held the following, consistent with the dictates of the United States Supreme Court:

"Both the state and the trial court appear to have confused a distinction between federal civil rights actions and state law tort claims. While both may be filed in state court, the procedure for determining immunity/liability of state employees under R.C. 2743.02 only applies to state law causes of action. The state of Ohio cannot adopt substantive defenses or procedural bars to a federal cause of action simply because Ohio courts have concurrent jurisdiction to entertain claims based upon an alleged violation of federal rights. While a litigant may be bound by the Ohio Rules of Civil Procedure if he or she chooses to utilize the state court forum in filing a Section 1983 action, there can be no state requirement that a plaintiff first file in the Ohio Court of Claims * * *.

"The procedure set forth in R.C. 2743.02 applies to state law claims against the state of Ohio and/or its employees. It has no application to federal claims whether brought in federal or state court and, accordingly, the trial court's jurisdiction in this case was not dependent upon a prior determination by the Court of Claims. *Leaman v. Ohio Dept. of Mental Retardation* (C.A.6, 1987), 825 F.2d 946, 953." *Besser v. Dexter* (1990), 68 Ohio App.3d 510, 512, 589 N.E.2d 77, 78–79.[5]

We set forth the same argument in *Mullins v. Moore, supra,* 1992 WL 14354, when we pointed out that the state employees immunity statute specifically and unambiguously limits its application, *i.e.,* its grant of immunity, to civil actions that arise under the laws of Ohio. Furthermore, since the state is the *only* proper defendant in the Court of Claims, forcing appellant to bring his claim in the Court of Claims would cause abandonment of his civil rights claim against the prison official, Birchfield. That is, if the Court of Claims were to determine that Birchfield's actions were taken in the scope of his official duties, rendering him

---

5. Other appellate districts which have addressed the "state vs. federal" claim issue are in accord with the *Besser* decision. Second District: *Christian v. Dayton* (1990), 67 Ohio App.3d 669, 588 N.E.2d 174, relying upon *Schwarz v. Ohio State Univ.* (1987), 31 Ohio St.3d 267, 31 OBR 493, 510 N.E.2d 808; *Clemmons v. Yaezell* (Dec. 29, 1988), Montgomery App. No. 11132, unreported, 1988 WL 142397. Third District: *Mullins v. Moore* (Jan. 22, 1992), Allen App. No. 1–90–67, unreported, 1992 WL 14354. Fourth District: *Wilson v. Patton* (1990), 66 Ohio App.3d 46, 583 N.E.2d 410; *White v. Morris* (1990), 69 Ohio App.3d 90, 590 N.E.2d 57; *Weinfurtner v. Nelsonville–York School Dist. Bd. of Edn.* (1991), 77 Ohio App.3d 348, 602 N.E.2d 318. Eighth District: *Cudlin v. Cudlin* (1990), 64 Ohio App.3d 249, 580 N.E.2d 1170. Tenth District: *Armstrong Steel Erectors, Inc. v. Ohio Dept. of Transp.* (1990), 61 Ohio App.3d 800, 573 N.E.2d 1178; *State v. Entrepreneurial Dev. Co.* (1989), 65 Ohio App.3d 503, 584 N.E.2d 804; *Burkey v. S. Ohio Corr. Facility* (1988), 38 Ohio App.3d 170, 528 N.E.2d 607, cited with approval and rule followed in *Will v. Michigan Dept. of State Police* (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45.

immune to suit for his wrongful actions, only the state would remain a defendant, which, in effect, leaves *no* defendant for purposes of appellant's civil rights action. Indeed, the United States Supreme Court cautioned that allowing a state immunity defense to have controlling effect not only violates the Supremacy Clause of the Constitution, it also would "transmute a basic guarantee into an illusory promise * * *." *Howlett v. Rose* (1990), 496 U.S. 356, 376, 110 S.Ct. 2430, 2442, 110 L.Ed.2d 332, 353.

As noted by the majority, under the rule in *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606, in an action against a state employee in his official capacity for a violation of rights granted under *state law*, the common pleas court is without jurisdiction until the Court of Claims decides whether the employee is immune from suit, thus leaving only the state as defendant. This analysis is only logical, since the state of Ohio has waived its Eleventh Amendment immunity from suit only if sued *in the Court of Claims*. The *Sanquily* court, however, did not address the issue presented in this case, since it was not confronted with a federal civil rights action under Section 1983.

In fact, one Ohio appellate court has properly upheld dismissal of a federal civil rights action *by the Court of Claims* for lack of jurisdiction, "since it has been determined that the state is not a person for the purposes of a Section 1983 violation." *Armstrong Steel Erectors v. Ohio Dept. of Transp.* (1990), 61 Ohio App.3d 800, 803, 573 N.E.2d 1178, 1180 (citing *Burkey v. S. Ohio Corr. Facility* [1988], 38 Ohio App.3d 170, 528 N.E.2d 607; *Will v. Michigan Dept. of State Police, supra*). Moreover, the United States Supreme Court has pointed out the illogic of requiring a civil rights action brought under Section 1983 to be subjected to the caprice of the entity targeted by such legislation:

"In enacting § 1983, Congress entitled those deprived of their civil rights to recover full compensation from the governmental *officials* responsible for those deprivations. A state law that conditions that right of recovery upon compliance with a rule designed to minimize governmental liability, and that directs injured persons to seek redress in the first instance from the very targets of the federal legislation, is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law. Principles of federalism, as well as the Supremacy Clause, dictate that such a state law must give way to vindication of the federal right when that right is asserted in state court." *Felder v. Casey* (1988), 487 U.S. 131, 153, 108 S.Ct. 2302, 2314, 101 L.Ed.2d 123, 147.

I would affirm the trial court's dismissal of appellant's state law claims pending a determination of the defendant's qualified immunity in the Court of Claims of Ohio. However, in light of the foregoing arguments, even absent the very recently decided *Conley* case, I would reverse the dismissal of appellant's federal

civil rights claim, *explicitly for the reasons set forth, supra*, and upon the authority of decisions of the United States Supreme Court and numerous federal and Ohio courts of appeals, and remand the case to the trial court for proceedings consistent with this opinion.