OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Willie Smith, appeals from a final judgment of the Trumbull County Court of Common Pleas granting appellees, the State of Ohio, Department of Taxation ("the Department"), and Motorists Mutual Insurance Company ("Motorists Mutual"), summary judgment, and granting appellee Cadle Company's ("Cadle"), motion to dismiss. For the reasons that follow, we affirm the judgment of the trial court.
On September 28, 1999, Christ Michelakis, the Trumbull County Treasurer ("the Treasurer"), filed a complaint in the Trumbull County Court of Common Pleas seeking to foreclose on property owned by appellant to satisfy delinquent property taxes. In addition to naming appellant as a defendant, the Treasurer also named the Department, Motorists Mutual, Cadle, Security Dollar Bank ("Security"), Second National Bank ("Second National"), and Seven Seventeen Credit Union, Inc. ("Seven Seventeen") as potential defendants.
Motorists Mutual filed an answer on October 25, 1999, claiming an interest in the property being foreclosed. Four days later, Second National filed an answer in which it stated that it had transferred its only interest in the property to Cadle. As a result, Second National asked the trial court to dismiss it from the action, which it did.
On November 1, 1999, the Department filed an answer asserting a claim based on thirty-four judgment liens previously obtained against appellant for unpaid sales taxes. Security Dollar filed an answer on November 5, 1999, also asserting a claim in the property. Included with its answer was a cross-claim which alleged that appellant had defaulted on a promissory note, and that pursuant to the note's terms and conditions, payment of the entire amount was due plus interest. Cadle filed an answer on November 17, 1999, affirmatively denying any interest in the property, and asking the trial court to dismiss the company from the action.
Acting pro se, appellant filed an answer to the Treasurer's complaint denying the allegations contained therein on November 29, 1999. In addition, appellant included a cross-claim asserting the following causes of action: (1) an action to void all judgment liens and quiet title against the Department; (2) two claims of civil rights violations against the Department; (3) quiet title actions against Motorists Mutual, Seven Seventeen, and Cadle; and (4) a claim against Cadle seeking damages for emotional distress resulting from an alleged breach of contract.
On January 21, 2000, Motorists Mutual filed an amended answer in which it disclaimed any interest in the property and asked to be dismissed from the original complaint. Cadle filed a motion to dismiss appellant's cross-claim on January 25, 2000, arguing that appellant's cross-claim does not state a claim upon which relief can be granted.
The Treasurer filed a motion to dismiss Seven Seventeen from the action on January 27, 2000, which was granted by the trial court. On February 25, 2000, the Department filed a motion to amend their answer. As grounds for the motion, the Department maintained that a review of their records revealed that the judgment liens against appellant had been partially released in 1996, but that appellant had failed to take the necessary steps to record the releases. Accordingly, at the time the Treasurer filed its complaint, the Department mistakenly believed that the judgment liens were still unsatisfied. However, because the judgment liens had actually been released, the Department did not have any interest in appellant's property. The trial court granted the motion to amend.
On April 10, 2000, the Treasurer filed a motion for summary judgment on its complaint. The trial court granted the motion on April 13, 2000, and entered a decree of foreclosure. In the same entry, the trial court entered judgment in favor of Security Dollar on its cross-claim.
Motorists Mutual filed its own motion for summary judgment on April 21, 2000, in which it argued that it was entitled to judgment as a matter of law because appellant had failed to present facts to support the allegations raised in his cross-claim. On April 26, 2000, the Department filed a motion to dismiss appellant's cross-claim, maintaining that it was not permissible under Civ.R. 13(G) because the causes of action asserted therein did not arise out of the same transaction or occurrence that was the subject matter of the original complaint.
On June 22, 2000, appellant filed a motion to vacate the trial court's April 13, 2000 judgment entry. In his motion, appellant argued that he had never received notice of the hearing on the Treasurer's motion for summary judgment, and that he had never received a copy of the decision. On June 27, 2000, appellant filed responses to the Treasurer's motion for summary judgment, Motorists Mutual's motion for summary judgment, and the Department's motion to dismiss.
The trial court vacated its April 13, 2000 order on June 30, 2000. Appellant subsequently filed thirty-four motions for summary judgment on his first cause of action against the Department on July 31, 2000. On the same day, the Department filed a motion for summary judgment on appellant's cross-claim.
The record shows that appellant and the Treasurer reached a settlement with respect to the delinquent property taxes on August 7, 2000, leaving appellant's cross-claim as the only remaining issue. In that regard, the Department filed a brief in opposition to appellant's thirty-four motions for summary judgment on August 31, 2000.[1]
In an abbreviated judgment entry dated September 26, 2000, the trial court made the following rulings: (1) granted the Department's motion for summary judgment; (2) denied appellant's thirty-four motions for summary judgment; (3) granted Cadle's motion to dismiss appellant's cross-claim; and (4) granted Motorists Mutual's motion for summary judgment.
From this judgment entry, appellant filed a timely notice of appeal with this court. He now asserts the following assignments of error for our consideration:
 "[1.] The trial court erred to the prejudice of the defendant-appellant by granting the motions for summary judgment of the defendant-appellee the Taxation and granting the motion for summary judgment of the defendant-appellee Motorists.
 "[2.] The Trial Court erred to the prejudice of the defendant-appellant by dismissing the defendant-appellant's cross-claim against defendant-appellee Cadle."
 In his first assignment of error, appellant raises several issues relating to the judgment liens filed against his property by the Department over the nonpayment of sales taxes. Specifically, he challenges the manner in which notice of the assessments was initially given to him and the authority of the Department to now collect on them. Also, with respect to his civil rights claims, appellant maintains that although he was seeking relief under Section 1983, Title 42, U.S. Code, the trial court had concurrent jurisdiction with the federal courts to adjudicate the case.
At the outset, we note that summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268.
Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner (1993),67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Dresher at 293.
If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. Id.
 Appellant brought each of his claims against the Department in across-claim filed pursuant to Civ.R. 13(G), which provides:
 "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."
 "The purpose behind Civ.R. 13(G) * * * is to allow the parties to dispose of all claims arising out of a single set of facts in a single action." Keegan v. Sneed (Oct. 16, 2000), Butler App. No. CA2000-02-029, unreported, 2000 Ohio App. LEXIS 4807, at 16. As a result, "the `logical relation' test is applicable to determining if a cross-claim may be asserted in a given underlying suit." Id.
 Here, the Department did initially claim an interest in the propertythat was subject to the foreclosure action brought by the Treasurer. Thisclaim was based on thirty-four judgment liens which had been obtained bythe Department against appellant's property for his failure to pay salestaxes. However, after looking more closely at their records, theDepartment discovered that those judgment liens had been partiallyreleased in 1996. Based on this partial release, the Departmentdetermined that it no longer had any interest in appellant's property.Thus, the Department amended their answer to reflect its discovery.
 Despite the fact that it is no longer asserting an interest in hisproperty, appellant still seeks to challenge the initial assessments madeby the Department. Unfortunately, under Civ.R. 13(G), this would not be aproper cross-claim because appellant's claims do not relate in anyway tothe underlying foreclosure action.
 As the Department correctly points out, to be successful on a quiettitle action, there necessarily has to be a dispute as to ownership ofthe property. In the case at bar, the Department does not assert anyinterest in the real estate that the Treasurer sought to foreclose upon.In fact, this procedural quagmire could have been avoided if appellantwould have properly filed the releases when they were first issued.
 We would like to note, however, that by concluding appellant could notraise the issue of the tax assessments in a cross-claim, we are in no waycommenting on the merits of appellant's position. Rather, all we areholding is that appellant's cross-claim with respect to those assessmentswas not properly before the trial court at that time.
 As for appellant's federal civil rights claims, they too were notpermissible under Civ.R. 13(G). The second cause of action asserted byappellant under Section 1983, Title 42, U.S. Code, was based on theassumption that the Department was claiming an interest in the subjectproperty, and that by doing so, the Department knowing violatedappellant's civil rights. However, as we already discussed above, theDepartment is not asserting any interest in appellant's property.
 Moreover, with respect to the offensive remarks allegedly made by twoemployees of the Department, that claim is clearly not related to theforeclosure action in any conceivable manner. Put another way,appellant's argument that his civil rights were violated by derogatoryremarks did not arise "out of the transaction or occurrence that is thesubject matter of either of the original action or of a counterclaimtherein * * *[,]" i.e., the failure of appellant to pay his propertytaxes.[2]
 For the above reasons, we conclude that the trial court properlygranted the Department summary judgment on appellant's cross-claim. Therecord shows that the Department did not claim an interest in appellant'sproperty. Accordingly, any claims appellant may have with respect to thejudgment liens or civil rights violations do not relate to theforeclosure of his property, and are, as a result, not permissible underCiv.R. 13(G).
 Next, appellant maintains that the trial court also erred by grantingMotorists Mutual summary judgment because there still remained genuineissues of material fact to be decided. A review of appellant's brief onthis point, however, reveals that he has failed to set forth any argumentin support of this alleged error. Accordingly, pursuant to App.R.12(A)(2), we are permitted to disregard this portion of the firstassignment of error because this court is only required to "address thoseissues that are both assigned as error and briefed." Catalano v. Pisani(1999), 134 Ohio App.3d 549, 552. See, also, Karlen v. Carfangia (June1, 2001), Trumbull App. No. 2000-T-0081, unreported, 2001 Ohio App. LEXIS2481, at 12.[3] Appellant's first assignment of error, therefore, isnot well-taken.
In assignment of error two, appellant submits that the trial court erred in dismissing his cross-claim as it related to Cadle because the evidence showed that there was a contract between him and the company and that Cadle had breached that contract. We disagree.
The record shows that Cadle filed its motion to dismiss on the basis that appellant did not assert a claim upon which relief could be granted. Specifically, Cadle argued that appellant was attempting to recover damages for emotional distress he claimed resulted from a breach of contract, despite the fact that Ohio does not recognize such a cause of action.
This court has recently held that "[w]hen considering a Civ.R. 12(B)(6) motion to dismiss a complaint, the trial court must determine whether it appears beyond a doubt from the complaint that the plaintiffs can prove no set of facts entitling them to recovery." Rutledge v. Dept. of Rehab. and Corr. (Mar. 3, 2000), Trumbull App. No. 98-T-0191, unreported, 2000 Ohio App. LEXIS 792, at 6. In making this determination, "[t]he focus is strictly upon the complaint, as factual findings are never required." Id. Accordingly, a court must presume that all of the factual allegations contained in the complaint are true and make all reasonable inferences in favor of the nonmoving party. Deli Table, Inc. v. Great Lakes Mall (Dec. 31, 1996), Lake App. No. 95-L-012, unreported, 1996 Ohio App. LEXIS 5930, at 15.
As we already discussed, appellant's claim with respect to Cadle is predicated on a breach of contract. He argues that as a result of the alleged breach, he was "deprived of the economic use and monetary benefit" of his property. This deprivation, according to appellant, caused him to suffer severe mental and emotional distress.
Ohio does not recognize a claim for emotional distress based upon a breach of contract. Strawser v. Wright (1992), 80 Ohio App.3d 751, 755; Allen v. Lee (1987), 43 Ohio App.3d 31, 34; Brown Dear Restaurant, Inc. v. New Market Corp. (Mar. 28, 1985), Cuyahoga App. No. 48910, unreported, 1985 WL 9802, at 6. Accordingly, even if we assume the factual allegations contained in appellant's cross-claim are true, and make all reasonable inferences in his favor, appellant could not prove any set of facts entitling him to recovery. Stated differently, as a matter of law, appellant cannot maintain a cause of action for emotional damages which stems from a breach of contract. Appellant's second assignment of error has no merit.
Based on the foregoing analysis, appellant's assignments of error are not well-taken. The judgment of the trial court is, therefore, affirmed.
 ______________________________________ WILLIAM M. O'NEILL, PRESIDING JUDGE
 JUDGE DONALD R. FORD, JUDGE JUDITH A. CHRISTLEY
[1] The Department eventually withdrew its motion to dismiss.
[2] Even if appellant's civil rights claims against the Departmentarose "out of the transaction or occurrence that is the subject matter of* * * the original action * * *[,]" they are not cognizable at lawbecause a state and its agencies or departments are not "persons" withinthe meaning of Section 1983, Title 42, U.S. Code, and, therefore, cannotbe sued pursuant to that statute. Will v. Michigan Dept. of StatePolice (1989), 491 U.S. 58, 71; Mullins v. Birchfield (1993),88 Ohio App.3d 170, 174.
[3] We recognize that appellant is proceeding in this matter pro se. Nevertheless, he is still bound by the requirements of App.R. 12(A)(2).Waddle v. Waddle (Mar. 30, 2001), Ashtabula App. No. 2000-A-0016, unreported, 2001 Ohio App. LEXIS 1551, at 5.