**Henry C. EVANS, Plaintiff,**

v.

**Richard F. CELESTE, et al., Defendants.**

**No. C2–87–1181.**

United States District Court, S.D. Ohio, E.D.

Aug. 24, 1989.

Jonathan J. Downes, Columbus, Ohio, for plaintiff.

Timothy J. Mangan, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## OPINION AND ORDER

GRAHAM, District Judge.

This case has afforded the Court an opportunity to explore the morass of issues which Eleventh Amendment immunity and 42 U.S.C. § 1983 claims can engender in an action filed against a state entity and state officials. In order to clarify the current posture of this case, the Court will summarize what has heretofore transpired.

Plaintiff filed this action on September 28, 1987 against his employer, the Ohio Bureau of Employment Services ("OBES"), and various officials of the State of Ohio, both individually and in their official capacities. These other, individual defendants were Richard F. Celeste, Governor of the State of Ohio; Dr. Roberta Steinbacher, Administrator of the OBES; Grace Kilbane, an official of the OBES; Joan Hammond, an administrative official of the OBES; Hugh Schaffner, an official of the OBES; Alex Shumate, of the Governor's staff, Gilbert Price, Administrator of the State Equal Employment Opportunity Program; and Robin Thomas, former counsel to the Administrator of the OBES. Plaintiff alleged that the defendants discriminated against him by reassigning him to a job with lesser responsibilities, although at the same rate of compensation, in retaliation for exercising his right to freedom of speech, without predeprivation due process, in breach of his employment contract, and in violation of Ohio Rev.Code Chap. 124. Plaintiff's federal constitutional claims were brought pursuant to 42 U.S.C. §§ 1983, 1985(3).

The defendants filed a motion to dismiss on November 10, 1987, upon which the Court ruled on February 24, 1989. The Court dismissed all claims against the OBES on Eleventh Amendment grounds. The Court dismissed both the state law claims and the federal claims for money damages against the remaining defendants in their official capacities, also on Eleventh Amendment grounds. Plaintiff's retaliation claim under 42 U.S.C. § 1983 was stricken as being duplicative of plaintiff's First Amendment claim. All claims against defendants Hammond, Schaffner, and Price were dismissed without prejudice for lack of a showing of their personal involvement. Plaintiff's 42 U.S.C. § 1985(3) claim was dismissed for lack of a class-based animus. Finally, the Court directed both parties to submit supplemental memoranda on the issue of whether the Court had subject matter jurisdiction over the remaining state law claims in light of Ohio Rev.Code § 2743.02(F).

The remaining state law claims were for breach of contract and violation of Ohio Rev.Code Chap. 124, but only against defendants Celeste, Steinbacher, Kilbane, Shumate, and Thomas in their individual capacities. The remaining federal claims were First Amendment and due process claims under 42 U.S.C. § 1983 against defendants Celeste, Steinbacher, Kilbane, Shumate, and Thomas in their individual capacities and for solely injunctive relief in their official capacities.

On June 2, 1989, after the supplemental memoranda had been filed, the Court issued an opinion and order holding that it had subject matter jurisdiction over plaintiff's state law claims against the remaining defendants in their individual capacities. Although Ohio Rev.Code § 2743.02(F) required that all actions against state officials be initially filed in the Ohio Court of Claims for a determination whether or to what extent their actions were taken in their official, as opposed to their individual, capacities, this provision had not been enacted until after the filing of the instant action. The Court concluded that the Ohio General Assembly did not intend for the provision to be applied retroactively.

On June 19, 1989, the defendants moved the Court to reconsider its June 2, 1989 opinion and order. The sole basis for this motion was that one federal district court and several Ohio Courts of Appeals had applied the statute retroactively in unpublished decisions and that the state courts' pronouncements on state law were binding on this Court.

On July 27, 1989, 716 F.Supp. 1047, the Court granted defendants' motion to reconsider. The Court, however, did not find merit in the defendants' argument that the

unpublished Ohio Courts of Appeals decisions were binding on this Court. Instead, the Court held that the presumption of prospective operation upon which the Court had earlier relied was rebuttable and in fact sufficient evidence existed to rebut the presumption and establish that the Ohio General Assembly intended for Ohio Rev. Code § 2743.02(F) to be applied retroactively. Finding retroactive application permissible under the Ohio Constitution, the Court held that it must stay the state law claims pending a determination by the Ohio Court of Claims whether or to what extent the claims could be maintained against the remaining defendants in their individual capacities.

■ The Court, however, went on to hold that plaintiff's 42 U.S.C. § 1983 claims against the remaining defendants in their individual capacities must also be stayed pending the Ohio Court of Claim's determination. Upon further reflection, the Court concludes that this holding was erroneous. A person who also is a state official can be sued in three different capacities. First, he can be used as an ordinary person, wholly apart from his official duties. Second, he can be sued in his "official" capacity, that is, when he is acting on behalf of the state so that it is as if the state itself were acting or where the state is the real substantial party in interest. *See Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Finally, he can be sued in his "personal" or "individual" capacity, that is, when he is acting under color of state law but not in his "official" capacity. *See Kentucky v. Graham,* 473 U.S. at 165–66, 105 S.Ct. at 3105. The standard for determining whether a state official is acting in his "individual" or "official" capacity is ambiguous, but some direction is provided. *See, e.g., Ford Motor Co. v. Department of Treasury of Indiana,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

■ In the Court's July 27, 1989 opinion and order, it left open the inference that an official acting within the scope of his responsibilities, *i.e.* acting under color of state law, is acting in his "official" capacity. This is erroneous. Therefore, to the extent that the remaining individual defendants were acting in their "personal" or "individual" capacities, the claims against them are not barred by the Eleventh Amendment, and the Court has no reason to await a determination by the Ohio Court of Claims. The Court's discussion in its July 27, 1989 opinion and order in regard to the retroactive application of Ohio Rev.Code § 2743.02(F) was correct and is not affected by this decision. The Court concludes that Ohio Rev.Code § 2743.02(F) was intended by the Ohio General Assembly to apply retroactively and retroactive application passes muster under the Ohio Constitution. Because the Court cannot hear plaintiff's state law claims until a determination has been made by the Ohio Court of Claims, in the interest of judicial economy, the Court will decline to exercise pendent jurisdiction over plaintiff's state law claims, and therefore, they are DISMISSED. Plaintiff's 42 U.S.C. § 1983 claims against the remaining defendants in their "individual" or "personal" capacities remain. Plaintiff's 42 U.S.C. § 1983 claims for injunctive relief against the remaining defendants in their "official" capacities also remain.

It is so ORDERED.