## Wilson v. Patton
## Case No. 88CA9
## Hocking County (4th)
## Decided February 2, 1990
[Cite as 1 AOA 158]

*Mr. Pearly L. Wilson and Mr. Everett Hunt, Jr., Nelsonville, Ohio, Pro Se,*

*Mr. Anthony J. Celebrezze, Jr., Attorney General of Ohio, and Mr. Frederick C. Schoch, Assistant Attorney General, Columbus, Ohio, for Appellee.*

STEPHENSON, J.,

This is an appeal from a summary judgment entered by the Hocking County Court of Common Pleas granting the summary judgment motion of Jerry Patton, defendant below and appellee herein, and dismissing the complaint and amendment to complaint of Pearly L. Wilson and Everett Hunt, Jr., plaintiffs below and appellants herein, which complaint sought money damages for a claimed invasion of privacy by appellee.

Appellants assign the following error:

"DID THE TRIAL COURT ERR, SUBSTANTIALLY PREJUDICING PLAINTIFFS-APPELLANTS WHEN IT SUSTAINED DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT?"

This action was previously before the court in *Wilson, et al. v. Patton,* No. 87 CA 18, from a judgment of the court below dismissing the action for failure to state a claim upon which relief could be granted. This court reversed by decision and entry filed June 28, 1988 and remanded for further proceedings.

Pertinent facts were set forth in our opinion as follows:

"On May 22, 1987, appellants, inmates at Hocking Correctional Facility, filed a pro se complaint which averred in pertinent part as follows. On or about March 16, 1987, appellee, a nurse and health care administrator at Hocking Correctional Facility, was induced to invade the privacy of appellants by Ohio Assistant Attorney General Frederick C. Schoch in violation of appellants' constitutional right to privacy, R.C. Chapter 1347, and R.C. 102.03(B).

On March 16, 1987, appellee executed under oath an affidavit for Assistant Attorney General Schoch which disclosed privileged information from appellants' medical files and records which appellants did not divulge to either appellee or Schoch and which was not waived in order that it could be divulged to any source. Appellee's disclosure and use of such confidential information was without appropriate authorization.

As a result of the intentional acts of appellee and Assistant Attorney General Schoch, appellant suffered psychological problems of fear, stress, sleeplessness, anxiety, depressed identity, and confusion. Appellants both prayed for $750,000 in damages. On June 23, 1987, appellee filed a motion to dismiss appellant's complaint for failure to state a claim upon which relief can be granted, Civ. R. 12(B)(6), and lack of subject matter jurisdiction, Civ. R. 12(B)(1). Appellee's memorandum in support of his motion to dismiss stated that the affidavits executed by appellee which appellants' complaint referred to were filed in a separate lawsuit.

On July 2, 1987, appellant Pearly L. Wilson filed an amendment to the previously filed complaint wherein he averred that appellee had again violated this constitutional right to privacy as well as his rights pursuant to R.C. Chapter 1347 and R.C. 102.03(B) by disclosing more confidential information without appropriate authorization on June 8 and June 17, 1987.

On July 15, 1987, appellee filed a motion to dismiss appellant Pearly L. Wilson's amendment to the complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. Attached to appellee's motion to dismiss the amendment to the complaint was a copy of appellant Pearly L. Wilson's motion to strike certain documents in a federal case styled as *Pearly Wilson v. Dr. Tenoglia* (S.D. Ohio E.D. 1987), No. C2-83-2367, wherein appellant Pearly L. Wilson moved to strike affidavits executed by appellee June 8 and June 17, 1987 on the asserted basis that the affidavits did not comply with Fed. R. Civ. Pro. 56(e) and (g).

On July 15, 1987, appellee filed a supplemental memorandum in support of his motion to dismiss.

Attached to such memorandum was a copy of appellants' motion to strike certain documents in *Pearly Wilson v. Richard P. Seiter* (S.D. Ohio E.D. 1987), Case No. C2-86-1046, wherein appellants moved to strike an affidavit executed by appellee partly on the basis that the information contained in the affidavit was privileged ad confidential."

A principal argument made by appellee in support of the initial dismissal was that the Court of Claims had exclusive jurisdiction to decide whether appellee was protected by the immunity granted in R.C. 9.86 which reads a follows:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the

court of claims pursuant to Chapter 2743. of the Revised Code."

We rejected such argument by stating, *inter alia*, the following:

"Appellee argues that the court of common pleas was without jurisdiction to proceed in an action brought against a state employee absent a prior determination by the Court of Claims that the state official acted manifestly outside the scope of his employment, or acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Appellee's argument is based upon the contention that 'the court' referred to in R.C. 2743.02(A)(1) was the Court of Claims, thereby divesting other courts of jurisdiction until the Court of Claims made the applicable determination. *McIntosh, supra* at p. 120; Smith v. Stempfel (1979), 65 Ohio App. 2d 36. Such argument has been expressly rejected by the Supreme Court of Ohio in *Cooperman v. Univ. Surgical Assoc.* (1987), 32 Ohio St. 3d 191, where it held as follows in the second paragraph of the syllabus:

'A court of common pleas does not lack jurisdiction over an action against state officers or employees merely because the Court of Claims has not first determined that the act or omission, which is the subject of the action, was manifestly outside the scope of the officer's or employee's office or employment, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner, unless the aggrieved party has filed a suit in the Court of Claims based on the same act or omission. See also *Van Hoene v. State* (1985), 20 Ohio App. 3d 363.'"

Two other arguments to support the Civ. R. B(12)(6) dismissal; i.e., (1) appellants waived their right to privacy when they filed federal lawsuits and (2) proceedings in a prior federal lawsuit collaterally estopped appellant from asserting their claims, were also rejected by this court for the reasons stated in the opinion, reversed the judgment of dismissal and remanded for further proceedings.

After remand appellee filed a motion for summary judgment upon the following grounds:

1. A Court of Common Pleas lacks jurisdiction over the subject matter of this action due to Section 2743.02(F) Ohio Revised Code.

2. Plaintiffs waived any right to confidentiality in their medical records by filing a lawsuit which raised issues about their medical condition.

3. Plaintiffs are barred from relitigating these claims under the doctrine of collateral estoppel.

Cooperman v. Univ. Surgical Assoc., *supra*, was decided September 2, 1987. Effective October 20, 1987, Substitute House Bill No. 267 was passed on June 25, 1987 and R.C. 2743.02 was amended by adding as Section (F) the following:

"A CIVIL ACTION AGAINST A STATE OFFICER OR EMPLOYEE THAT ALLEGES THAT THE OFFICER'S OR EMPLOYEE'S CONDUCT WAS MANIFESTLY OUTSIDE THE SCOPE OF THE OFFICER'S OR EMPLOYEE'S EMPLOYMENT OR OFFICIAL RESPONSIBILITIES, OR THAT THE OFFICER OR EMPLOYEE ACTED WITH MALICIOUS PURPOSE, IN BAD FAITH, OR IN A WANTON OR RECKLESS MANNER SHALL FIRST BE FILED AGAINST THE STATE IN THE COURT OF CLAIMS, WHICH HAS EXCLUSIVE, ORIGINAL JURISDICTION TO DETERMINE, INITIALLY, WHETHER THE OFFICER OR EMPLOYEE IS ENTITLED TO CIVIL IMMUNITY UNDER SECTION 9.86 OF THE REVISED CODE AND WHETHER THE COURTS OF COMMON PLEAS HAVE JURISDICTION OVER THE CIVIL ACTION.

THE FILING OF A CLAIM AGAINST A STATE OFFICER OR EMPLOYEE UNDER THIS SECTION TOLLS THE RUNNING OF THE APPLICABLE STATUTE OF LIMITATIONS UNTIL THE COURT OF CLAIMS DETERMINES WHETHER THE OFFICER OR EMPLOYEE IS ENTITLED TO CIVIL IMMUNITY UNDER SECTION 9.86 OF THE REVISED CODE."

Appellee argues the effect of the amendment negates the *Cooperman* decision and that the amendment operated retrospectively to deny the court below of jurisdiction. We agree with appellee that the

amendment has the effect of now clearly manifesting the intention of the General Assembly that in an action against an officer or employee of the state wherein it is claimed the immunity granted in R.C. 9.86 is inapplicable, that such action must first be filed in the Court of Claims.

The more difficult question is whether such statute can operate retrospectively to untried causes of action arising before the effective date a appellee claims. R.C. 1.48 provides that "A statue is presumed to be prospective in its operation unless expressly made retrospective." Art. II, Sec. 28 provides, *inter alia,* that "The general assembly shall have no power to pass retroactive laws. * * *"

In determining retroactivity of a statute, the procedure to be followed is set forth in the first three paragraphs of the syllabus in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, and read as follows:

"1. The issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply. Upon its face, R.C. 1.48 establishes a threshold analysis which must be utilized prior to inquiry under Section 28, Article II of the Ohio Constitution. *(Kiser v. Coleman* [1986], 28 Ohio St. 3d 259, 262, 28 OBR 337, 339-40, 503 N.E. 2d 753, 756, approved and followed; *Wilfong v. Batdorf* [1983], 6 Ohio St. 3d 100, 6 OBR 162, 451 N.E. 2d 1185; and *French v. Dwiggins* [1984], 9 Ohio St. 3d 32, 9 OBR 123, 458 N.E. 2d 827, to the extent inconsistent herewith, modified.)
2. The issue of whether a statute may constitutionally be applied retrospectively does not arise until there has been a prior determination that the General Assembly has specified that the statute so apply. R.C. 4121.80 contains the clearly expressed intent of the General Assembly that it be applied retrospectively.
3. Analysis of whether a statute is unconstitutionally retroactive in violation of Section 28, Article II of the Ohio Constitution requires an initial determination of whether that statue is substantive or merely remedial. While in some cases the line between substantive and remedial may be difficult to ascertain, these terms, as applied, provide readily distinguishable contours. *Wilfong v. Batdorf*

[1983], 6 Ohio St.. 3d 100, 6 OBR 162, 451 N.E. 2d 1185, to the extent inconsistent herewith, overruled.)"

The threshold inquiry is whether the General Assembly intended retrospective application even though there is no express wording in the statute. Guidance as to such intent can be gained from the preamble to Substitute House Bill 267 which reads, *inter alia,* "To amend sections 2743.02 * * * clarifying the Court of Claims Law with respect to civil actions against state officers and employees; and clarifying that the Court of Claims has exclusive, original jurisdiction over all types of civil actions against the state and its officers and employees, irrespective of the relief sought." The preamble is properly considered "to ascertain the purpose of the act, the motive of the legislature in enacting the law, and the causes which led to its passage." 85 Ohio Jur. 3d 201, Sec. 200 (Statutes)

Bearing in mind that the statute here considered was passed before the Ohio Supreme Court decided Cooperman, *supra,* we conclude it was intended to make clear i.e. "clarify" that it was always the intention of the General Assembly that the Court of Claims had exclusive initial jurisdiction in suits against state officers and employers and intended such clarifications have retrospective as well as prospective application.

The next question is whether R.C. 2743.02(F) is remedial and thus not barred by Art. II, Sec. 28, Ohio Const. We agree with appellee that the statute deals only with the procedure whereby a claim against a state employee may be effectuated and does not operate to bar any substantive rights of appellants. Morgan v. Western Elect. Co. (1982), 69 Ohio St. 2d 278.

In light of the above we hold the court below was without jurisdiction, overrule the assigned error and affirm the grant of summary judgment to appellee.

It is ordered that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Please Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.

this Entry.
ABELE, P.J., Concurs In Judgment & Opinion
HARSHA, J., Concurs In Judgment & Opinion