GUMPL, Appellant,

v.

BOST et al., Appellees.

[Cite as *Gumpl v. Bost* (1992) 81 Ohio App.3d 370.]

Court of Appeals of Ohio,
Warren County.

No. CA91–06–056.

Decided June 15, 1992.

*Stephen William Gumpl, pro se.*

*Lee Fisher,* Attorney General, and *Steven P. Fixler,* Assistant Attorney General, Federal Litigation Section, for appellees.

---

WALSH, Judge.

Plaintiff-appellant, Stephen W. Gumpl, appeals a decision of the Warren County Court of Common Pleas dismissing his complaint against defendants-appellees, Sergeant Bost[1] and Richard Jent, for alleged civil rights violations.

The record indicates that in 1990, appellant was an inmate at the Warren Correctional Institution. On December 28, 1990, he filed a complaint in the Warren County Court of Common Pleas. In his complaint, he alleged that on January 2, 1990, he had made a written report to the warden informing him that Sgt. Bost had attacked a fellow inmate. Appellant claimed that, as a result of his report, appellees had harassed him and placed him in disciplinary confinement.

Appellant further alleged that he was transferred to a medium security facility in retaliation for his report of the alleged abuses. According to the complaint, both his placement in disciplinary confinement and his subsequent transfer were instituted without proper procedural safeguards.

Appellant's complaint sets forth five causes of action. He claims violations of his rights under the First and Fourteenth Amendments to the United States Constitution, violations under the Ohio Constitution, and violations of unspecified "state and federal statutory provisions." The complaint states that appellees are being sued "in both their official and individual capacity," and asserts jurisdiction based on Sections 1983, 1985, 1986 and 1987, Title 42, U.S. Code.

In his prayer for relief, appellant asks for $5,000 per cause of action from each defendant in compensatory damages and $10 per cause of action from each defendant in punitive damages. He also requests "such other and further relief" as the court would deem appropriate.

On February 26, 1991, appellees filed a motion to dismiss the complaint on the grounds that it fails to state a claim on which relief can be granted, and that the court of common pleas lacks subject matter jurisdiction over the claims.

On May 28, 1991, the trial court filed a decision and judgment entry in which it stated that "[a]lthough the complaint, when literally construed,

---

1. Sgt. Bost's first name does not appear in the record or in the briefs of the parties.

appears to adequately allege certain claims, those claims must be brought in the Court of Claims pursuant to R.C. 2743.02." Accordingly, the court dismissed appellant's complaint in its entirety. Appellant brings the instant appeal, setting forth the following sole assignment of error:

"The trial court erred in dismissing the complaint based on R.C. 2743.02."

Appellant argues that, because his claims were asserted against employees of the state, rather than against the state itself, the claims were not required to be brought in the court of claims.

We begin with a discussion of appellant's state law claims. By enacting R.C. 2743.02, the state waived its sovereign immunity and consented to be sued. It consented to be sued, however, only in accordance with the procedures set forth in that section. See *Tschantz v. Ferguson* (1989), 49 Ohio App.3d 9, 10, 550 N.E.2d 544, 545. Thus, in actions involving the state or its officers or employees, it is necessary to follow the procedural mandates of R.C. 2743.02. *Id.*

Particularly relevant to the case at bar is R.C. 2743.02(F), which provides, in part, as follows:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

Accordingly, a common pleas court may not exercise jurisdiction over a claim against a state employee until the Court of Claims has decided whether the employee is entitled to personal immunity. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606. R.C. 2743.02 was enacted to grant exclusive, original jurisdiction to the Court of Claims regarding the immunity of state employees and officers in all cases arising under state law, including those in which no recovery is sought from the state itself. *White v. Morris* (1990), 69 Ohio App.3d 90, 590 N.E.2d 57; *Wilson v. Patton* (1990), 66 Ohio App.3d 46, 583 N.E.2d 410. Only if the court of claims determines that the employee acted outside the scope of his employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner, may the plaintiff bring an action against the employee in a court of common pleas. *Id.*

■ Therefore, in the case at bar, the state law causes of action were not properly initiated in the court of common pleas. It is undisputed that appellees were state employees and that the actions forming the basis of the complaint occurred in the performance of appellees' official duties. Even though the state was not named as a party and no recovery was sought from the state, R.C. 2743.02(F) requires a determination of appellees' immunity by the Court of Claims. *White, supra; Wilson, supra.* As such, the trial court did not err in dismissing the claims based on state law.

■ Appellant contends, however, that even if the claims arising under state law were properly dismissed for lack of subject matter jurisdiction, those arising under federal law were not. For the reasons that follow, we find this argument to be persuasive.

■ State common pleas courts have concurrent jurisdiction with federal courts over federal civil rights actions, in the absence of a grant of exclusive jurisdiction. *Wilson v. Patton* (1988), 49 Ohio App.3d 150, 551 N.E.2d 625. However, while both state and federal claims may be brought in a court of common pleas, the procedure for determining immunity under R.C. 2743.02 applies only to state law causes of action. *Besser v. Dexter* (1990), 68 Ohio App.3d 510, 589 N.E.2d 77.

As noted above, R.C. 2743.02(F) requires a filing in the Court of Claims for a determination of the employees' immunity pursuant to R.C. 9.86. R.C. 9.86 provides, in part, as follows:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises *under the law of this state* for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." (Emphasis added.)

Thus, pursuant to the language of R.C. 9.86, the Court of Claims has the authority to decide immunity questions only in causes of action arising under state law. See, also, *Mullins v. Moore* (Jan. 22, 1992), Allen App. No. 1–90–67, unreported, 1992 WL 14354.

■ Further, as noted in *Mullins, supra,* the concept of immunity under federal law is distinct from that embodied in Ohio law. Under federal law, a government official or employee is entitled to immunity unless the official or employee knew or should have known that the conduct at issue would violate a clearly established right. *Harlow v. Fitzgerald* (1982), 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396; *Hunter v. Bryant* (1991), 502 U.S. ——, 112 S.Ct.

534, 116 L.Ed.2d 589. By contrast, under Ohio law, the inquiry is directed toward whether the employee was acting outside the scope of his employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 9.86; *Besser, supra; Tschantz, supra.*

Under R.C. 2743.02(F) and 9.86, however, the Court of Claims is empowered to entertain only the latter inquiry. There is no provision directing the Court of Claims to determine whether the state employee or official knew or should have known that his conduct was violating a clearly established right, an inquiry that would be necessary in determining immunity under federal law. Thus, in addition to the language of R.C. 9.86 limiting the Court of Claims' authority to decide questions of immunity to actions arising "under the law of this state," it is evident in the standard of immunity set forth in R.C. 9.86 that the authority of the Court of Claims to decide such issues extends only to state law claims. *Mullins, supra.*

Therefore, as the Court of Claims did not have jurisdiction to entertain issues of federal immunity pursuant to R.C. 9.86, there was no necessity to dismiss the federal claims pursuant to R.C. 2743.02(F). *Mullins, supra; Besser, supra.* As such, the trial court erred in dismissing appellant's federal claims in the instant case, and we find the portion of appellant's assignment of error relating to the federal claims to be well taken.[2] The judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

WILLIAM W. YOUNG, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

The majority's holding that R.C. 2743.02(F) does not apply to actions filed pursuant to Section 1983, Title 42, U.S.Code *et seq.* is erroneous. The Ohio legislature adopted R.C. 9.86, waiving sovereign immunity for the state and its officers and employees only in circumstances where the officer's or

---

2. We note that in *Conley v. Shearer* (Mar. 25, 1991), Butler App.No. CA90–05–088, unreported, 1991 WL 40544, we affirmed the trial court's dismissal of both state and federal claims pursuant to R.C. 2743.02(F). However, the question on appeal in that case was whether R.C. 2743.02(F) violated the Equal Protection Clause of the United States Constitution. The jurisdictional issues were not presented to the court, and we therefore find no conflict between our decision in *Conley* and our decision in the instant case.

employee's conduct was manifestly outside the scope of his employment or responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. The phrase *under the law of this state* does not, perforce, eliminate immunity for the state officer or employee for civil claims simply because the civil action is not based on violation of a particular state law codified by the General Assembly. A Section 1983 action, although based upon violation of a federal statute, is nevertheless an "action that *arises* under the law of this state" *when filed in a state court.* It is therefore necessary that the issue of immunity be determined by the Court of Claims pursuant to R.C. 2743.02(F).

The plaintiff is not deprived of compensation for alleged wrongs by the requirements of R.C. 2743.02(F). The statute merely sets forth a procedure to determine immunity. *Narduzzi v. Looby* (Nov. 6, 1989), Mahoning App. No. CA3, unreported, 1989 WL 137216. R.C. 2743.02(F) applies to federal claims as well as state claims. *Mitchell v. Med. College Hosp. of Ohio* (Sept. 30, 1991), Lucas App.No. L–90–384, unreported, 1991 WL 192716; *Bell v. Newnham* (Sept. 14, 1990), Lucas App. No. L–89–373, unreported, 1990 WL 131972; *Mullins v. Rower* (Mar. 20, 1991), Allen App. No. 1–90–6, unreported, 1991 WL 44174.

I would affirm.