**Jeanette BROADNAX et al., Plaintiffs,**

v.

**Sergeant James WEBB
et al., Defendants.**

Civ. A. No. 94–71110.

United States District Court,
E.D. Michigan,
Southern Division.

July 12, 1995.

Mark H. Freedman, Leon B. Jukowski, Florka & Jukowski, Pontiac, MI, Timothy S. Ferrand, Cummings, McClorey, Roseville, MI, for defendants.

Carl L. Rubin, Rubin & Rubin, Southfield, MI, for plaintiffs.

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiffs are seeking recovery of damages and other relief based upon injuries suffered by plaintiff Rita Garland during a police raid on her home. During the raid, Garland attempted to swallow a baggie filled with cocaine. As a result, Rita Garland is now in a persistent vegetative state. Plaintiffs Royce Davis, Freddy Garland, and Lisa Broadnax are Rita Gar-

land's children, and they are seeking damages for loss of companionship under section 1983. Royce Davis and Freddy Garland are minors, while Lisa Broadnax is an adult. Defendants have filed a motion for summary judgment against the claims presented by Garland's three children.

Pursuant to Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court has dispensed with oral argument and will decide the motion based upon the briefs submitted by the parties. For the reasons discussed below, the court will grant defendants' motion.

■ Defendants contend that a claim for loss of companionship is not cognizable under section 1983. In response, plaintiffs argue that a child's interest in his relationship with a parent is sufficiently important to constitute a protected liberty interest under the Due Process Clause.

Federal courts have expressed wide disagreement over whether section 1983 can support a claim for loss of companionship. Several courts of appeals have found that family members may not sue under section 1983 based upon constitutional deprivations suffered by another member of their family.[1] *See Harpole v. Arkansas Dep't of Human Servs.*, 820 F.2d 923, 928 (8th Cir.1987) ("Protecting familial relationships does not necessarily entail compensating relatives who suffer a loss as a result of wrongful state conduct, especially when the loss is an indirect result of that conduct." The court held that a grandparent could not sue for the death of a grandchild.); *Ortiz v. Burgos*, 807 F.2d 6, 8 (1st Cir.1986) (stepfather, mother, and siblings did not have cause of action under section 1983 for death caused by police); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir.1990) ("section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else;" wrongful state conduct must be deliberate and not incidental); *Berry v. City of Muskogee*, 900 F.2d 1489 (10th Cir.1990) (children could not sue under section 1983 for death of their parent); *Wilson v. Meeks*, No. 91–1504, 1994 WL 324575, 1994 U.S. Dist. LEXIS 9105 (D.Kan. June 6, 1994) (children could not sue for wrongful seizure of their parent).

However, there also exists substantial authority holding that individuals may pursue a section 1983 claim for the death of their child or parent. *See Smith v. City of Fontana*, 818 F.2d 1411, 1417–20 (9th Cir.1987) (children could bring section 1983 action for deprivation of father's companionship when father was killed by police during his arrest), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1988); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1242–48 (7th Cir.1984) (father, but not siblings, could recover where police killed son); *Estate of Bailey v. County of York*, 768 F.2d 503, 509 n. 7 (3d Cir.1985) (following *Bell*, parents can sue for killing of child). Obviously, none of these cases involve an action by relatives of a victim who was merely incapacitated, rather than killed, as a result of the state's wrongful conduct. Consequently, it can be argued that none of the cited authorities apply to this case since Rita Garland did not die as a result of the events that occurred during the drug raid upon her home.

In *Purnell v. City of Akron*, 925 F.2d 941, 948 n. 6 (6th Cir.1991), the Sixth Circuit specifically reserved decision on the "difficult question of whether the children of a [decedent] could state a claim for damages under section 1983 based on the killing of their [parent]." Although it recognized the authority listed above, the Sixth Circuit indicated that in a prior decision, *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir.1984), it had found that "section 1983 provides a cause of action which is *personal* to the injured party."[2]

---

1. In some cases, courts have found that relatives state a cause action under section 1983 when there is a specific intent on the part of the state actor to destroy or damage the particular familial relationship. *See, e.g., Trujillo v. Board of Comm'rs*, 768 F.2d 1186 (10th Cir.1985); *Manarite v. City of Springfield*, 957 F.2d 953 (1st Cir. 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 113,

121 L.Ed.2d 70 (1993). No such allegation is present in this case.

2. The court also indicated that the legislative history of the Ku Klux Klan Act of 1871 supported the interpretation adopted in *Bell, City of Fontana*, and *Estate of Bailey*. Representative Butler described the 1871 statute "as a remedy

*Purnell,* 925 F.2d at 948 n. 6 (emphasis in original). In *Jaco,* the court stated that a section 1983 cause of action, by virtue of the explicit language of the section itself, is a personal action cognizable only by the party whose civil rights had been violated; while, on the other hand, the wrongful death action is a cause of action that inures to the benefit of decedent's estate, as a result of, not the personal injury suffered by the *decedent,* but rather, injuries to his estate caused by his wrongful death.

*Jaco,* 739 F.2d at 242.

 In this context, the court similarly finds that a constitutional violation is something personal to the individual injured, and that a violation against one member of a family does not confer standing upon all other members of that particular family. Even were such a claim for loss of companionship limited to close family members like parents or children, the fact remains that liability would be expanded handsomely. Although it could be argued that section 1983 litigation is already at flood stage, there appears to be no valid reason to open another dam. This is especially true where the express language of section 1983 seems to limit claims to those who actually suffered the constitutional deprivation. *Id.*

The court also finds that the extension of section 1983 liability to loss of companionship claims would not serve to deter wrongful conduct by state actors. The survival of a claim following death, or following incapacitation as in this case, as well as the availability of punitive damages, ensures that state actors will not declare an open season on those victims who have large families as a result of this court's ruling. *See Berry,* 900 F.2d at 1507 (discussing expansive remedies still available).

In sum, the court finds that a loss of companionship claim by the children of a parent who has suffered a constitutional deprivation is not cognizable under section 1983. The alleged denial of rights under the Constitution presented in this case was suf-

fered by the parent. Any damage suffered by the parent's children is merely incidental, does not amount to an independent constitutional deprivation, and was not the intended result of the alleged wrongdoer's actions. To recognize such a claim would needlessly increase litigation without further deterring wrongful conduct by state actors.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motion for summary judgment as to the claims presented by plaintiffs Royce Davis, Lisa Broadnax, and Freddy Garland is **GRANTED.**

**SO ORDERED.**

for wrongs, arsons and murders done. This is what we offer to a man whose house has been burned, as a remedy; to a woman whose husband has been murdered, as a remedy; to the children whose father has been killed, as a remedy." Cong.Globe, 42d Cong., 1st Sess. 807 (1871).