Dorothea GRAVELY, Plaintiff,

v.

John MADDEN, Defendant.

No. C2–95–6.

United States District Court.
S.D. Ohio.

Sept. 8, 1995.

Kevin John O'Brien, O'Brien & Lease, Columbus, OH, Jerry Weiner, Boca Raton, for plaintiff.

Timothy Joseph Mangan, Ohio Attorney General, Columbus, OH, for defendant.

HOLSCHUH, Chief Judge.

### MEMORANDUM AND ORDER

Plaintiff, Dorothea Gravely, filed this action on November 23, 1994 in the Franklin County, Ohio, Court of Common Pleas in her individual capacity and as administratrix of the estate of David A. Gravely. She named as defendant Captain John Madden, an Ohio Corrections Officer, asserting claims under 42 U.S.C. § 1983 and state law causes of action for wrongful death and survivorship. The suit was removed to this Court on January 4, 1995. Also on January 4, 1995, the defendant filed a motion to dismiss portions of the complaint and an answer. Gravely filed a memorandum opposing Madden's motion to dismiss on January 20, 1995. On February 7, 1995, Madden filed a reply memorandum in support of partial dismissal. On February 9, 1995, he filed a supplement to his reply in order to provide a copy of an opinion cited in the reply. No further briefs have been filed in this matter and the motion for partial dismissal is ripe for decision.

### I.

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983). When determining the sufficiency of a complaint in the face of a motion to dismiss, the court must apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). *See also, McLain v. Real Estate Bd. of New Orleans, Inc.,* 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir. 1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

A motion to dismiss under Rule 12(b)(6) is directed solely to the complaint itself. *Roth Steel Products,* 705 F.2d at 155. Consequently, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *Roth Steel Products,* 705 F.2d at 155. The Court will grant a defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6) if the complaint is without merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir.1978).

Madden has also asserted that this Court lacks subject matter jurisdiction over a portion of Gravely's complaint. *See* Fed. R.Civ.P. 12(b)(1). Pursuant to Fed.R.Civ.P. 12(h)(3), a court should dismiss a claim

"whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."

## II.

This case had been previously filed on June 28, 1989 in the Franklin County Court of Common Pleas. Gravely dismissed her case voluntarily on December 3, 1993. Under O.R.C. § 2305.19, the Ohio Saving Statute, Gravely could refile the case within one year of the dismissal without running afoul of the statute of limitations. She refiled the action in state court on November 23, 1994.

The complaint alleges that on June 25, 1987, plaintiff's son, David A. Gravely, a prisoner at the Pickaway Correctional Institution in Orient, Ohio, walked away from a minimum security prison farm detail. Four days later, Madden and other law enforcement personnel raided a residence where David Gravely "was visiting a friend." During the course of the raid, Gravely attempted to elude police by fleeing through the back door and when he did so, he was "intentionally shot in the back and killed by Captain Madden."

Plaintiff's first cause of action, asserted under § 1983, states that David Gravely was deprived of his rights under the Fourth and Eighth Amendments because Madden employed excessive force in attempting to apprehend him. As a part of that claim, plaintiff asserts that "as a direct and proximate result of the acts of the defendant ... the plaintiff has sustained injury and damages as the result of the death of her decedent, all to her loss." Thus, Count One appears to include not only David A. Gravely's § 1983 claim but one asserted personally by plaintiff.

In her second cause of action, for wrongful death, plaintiff claims that as a direct and proximate result of Madden's conduct, the parents, children, and other next of kin of the decedent have lost the economic and emotional support of the decedent. In her third cause of action, for survivorship, the plaintiff states that "prior to his death, her decedent suffered conscious pain and suffering as the result of having been shot in the back by the defendant and that, as a direct and proximate result, thereof, sustained damages."

In Madden's motion for partial dismissal, he asserts that this Court lacks jurisdiction over the state law causes of action. He submits that O.R.C. §§ 9.86 and 2743.02(F) prevent this Court from exercising jurisdiction over the state law claims until the Ohio Court of Claims has determined whether Madden is or is not entitled to immunity from suit. Madden also argues that plaintiff's own claims under § 1983 (as opposed to David A. Gravely's claims) are barred by the statute of limitations and by the doctrine of standing. Madden argues that plaintiff's attempt to bring suit as an individual are contrary to "the general prohibition on a litigant's raising another person's legal rights."

Gravely counters that O.R.C. § 2743.02(F) was not enacted until October 20, 1987. Because her claim arose on June 29, 1987, § 2743.02(F) is not applicable to her cause of action, and there was no provision in the Ohio Revised Code as of that date which conferred exclusive jurisdiction upon the Court of Claims to determine whether a state employee was entitled to immunity from suit. Gravely also submits that this Court has authority to determine whether Madden acted within the course and scope of his employment. Next, Gravely argues that her individual claims are not barred by the statute of limitations. Finally, she asserts that she has standing to bring claims on her own behalf. She argues that other circuits have held that "the relatives of victims of unlawful police killings have personal standing to complain of the deprivation of the 'fundamental' constitutional right of parenthood."

In his reply memorandum, Madden expands upon the same arguments raised in his motion to dismiss, discussed above. Against this factual background and these arguments, the Court will analyze Madden's motion for partial dismissal.

### III. STATE LAW CLAIMS

O.R.C. § 9.86, titled "Civil immunity of officers and employees; exceptions," provides in pertinent part that

no officer or employee shall be liable in any civil action that arises under the law of this state for damages or injury caused in

the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

O.R.C. § 2743.02(F) states in part that

A civil action against an officer or employee [of the state] ... that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

This section has an effective date of October 20, 1987.

■ If § 2743.02(F) applies prospectively, it would not affect the plaintiff's claim, which accrued no later than June 29, 1987. *See Dixon v. Anderson,* 928 F.2d 212, 215 (6th Cir.1991) (cause of action accrues when plaintiff knows or has reason to know of the injury which is the basis of her action). Although there is a presumption of prospective application for Ohio statutes, *see* O.R.C. § 1.48, Ohio courts have determined that § 2743.02(F) is to have retrospective application. *See Wilson v. Patton,* 66 Ohio App.3d 46, 583 N.E.2d 410 (1990); *see also Haynes v. Marshall,* 887 F.2d 700 (6th Cir.1989). The Court in *Wilson* determined that § 2743.02(F) should be applied retroactively because the Ohio General Assembly intended retroactive application and because the subsection in question is remedial rather than substantive. 583 N.E.2d at 413.

§ 2743.02(F) has been interpreted to mean that unless and until the Ohio Court of Claims determines that a state employee or officer is not immune from suit, an Ohio Common Pleas Court is completely without jurisdiction over the litigation against the official or employee. *Conley v. Shearer,* 64

Ohio St.3d 284, 288, 595 N.E.2d 862 (1992). The same is true of a District Court; the Sixth Circuit has determined that "[u]ntil the Ohio Court of Claims determines that [the defendants] are not immune, there is no cause of action cognizable under Ohio law over which the district court can assert pendent jurisdiction." *Haynes, supra* at 705. Thus, unless the Ohio Court of Claims determines that Madden was acting outside the scope of his employment, and consequently that he is not immune from suit, this Court lacks jurisdiction over Gravely's state law claims.

■ Gravely has argued that, if the Court reached this conclusion, it could properly stay the state law actions rather than dismissing them. The Court determines that dismissal without prejudice is more appropriate, however. *Parks v. Wilkins,* 716 F.Supp. 1028, 1031 (S.D.Ohio 1988) (Holschuh, J.) (dismissing plaintiff's state law claims with leave to reinstate them after an appropriate Ohio Court of Claims decision); *Evans v. Celeste,* 718 F.Supp. 641, 643 (S.D.Ohio 1989) (Graham, J.) (deciding that because the Court could not hear plaintiff's state law claims until the Ohio Court of Claims had made a determination pursuant to O.R.C. §§ 9.86 and 2743.02(F), the Court would dismiss the state law claims in the interest of judicial economy); *Mackey v. Cleveland State Univ.,* 837 F.Supp. 1396, 1409–10, (N.D.Ohio 1993) (deciding to dismiss without prejudice plaintiff's state law claims because the Court was without jurisdiction over them until the Ohio Court of Claims determined whether defendants were or were not immune from suit).

## IV. PLAINTIFF'S PERSONAL CLAIMS UNDER § 1983

Gravely's complaint, in addition to asserting claims on behalf of the decedent's estate in her capacity as administratrix, asserts that she has individually "sustained injuries and damages as the result of the death of her decedent."

Section 1983 provides:

Every person who under color of any [state law] ... subjects, or causes to be

subjected, any citizen of the United States . ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Whether § 1983 can form the basis of a claim for the loss of the parent-child relationship is a subject of disagreement in the federal courts. The Court in *Broadnax v. Webb*, 892 F.Supp. 188 (E.D.Mich.1995), recently addressed the issue. The Court noted that several federal courts of appeals have found that family members may not sue under § 1983 based upon constitutional deprivations suffered by another member of their family. *Id.* at 189 (citing case law from the Eighth, First, and Tenth Circuits and the District of Kansas). However, the Court stated that "there also exists substantial authority holding that individuals may pursue a § 1983 claim for the death of their child or parent." *Id.* at 189 (citing case law from the Ninth, Third, and Seventh Circuits).

The Sixth Circuit has specifically reserved decision on whether members of a decedent's immediate family may bring a § 1983 claim for deprivation of the parent-child relationship in the wrongful death context. *Purnell v. City of Akron*, 925 F.2d 941, 948, n. 6 (6th Cir.1991). The Court in *Purnell*, though it recognized the authority later cited in *Broadnax*, stated that a prior Sixth Circuit decision, *Jaco v. Bloechle*, 739 F.2d 239, 241 (1984), held that " § 1983 provides a cause of action which is personal to the injured party." *Purnell, supra,* at 948, n. 6. Citing this footnote in *Purnell* and *Jaco*, the Court in *Broadnax* determined that

a constitutional violation is something personal to the individual injured, and that a violation against one member of a family does not confer standing upon all members of that particular family. Even were such a claim for loss of companionship limited to close family members like parents or children, the fact remains that liability would be expanded handsomely. Although it could be argued that § 1983 litigation is already at flood stage, there appears to be no valid reason to open another dam. This is especially true where the express lan-

guage of § 1983 seems to limit claims to those who actually suffered the constitutional deprivation.

*Id.* at 190. The Court reasoned that the extension of § 1983 liability to claims based on the loss of the parent-child relationship would "not serve to deter wrongful conduct by state actors." *Id.* at 190.

This Court likewise concludes that a loss of companionship claim by the parent of a child who has suffered a constitutional deprivation is not cognizable under § 1983. Section 1983 "grants the cause of action to the party injured." *Jaco, supra,* at 241. David Gravely's constitutional rights may have been violated, and he (or his estate) may have been damaged thereby, but his mother's Fourth and Eighth Amendment rights were not themselves violated. Any damage suffered by Mrs. Gravely from the loss of her son does not amount to an independent constitutional deprivation of any of *her* constitutional rights, and is thus not redressable under § 1983. *See Broadnax, supra,* at 190. Therefore, the Court will dismiss her personal § 1983 cause of action. The disposition of this issue makes it unnecessary to address defendant's contention that this claim is also time-barred because it was asserted for the first time in plaintiff's refiled complaint.

## V.

For the foregoing reasons, the Court GRANTS the defendant's motion to dismiss portions of the complaint. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff may move to amend her complaint to reassert these claims if the Ohio Court of Claims determines that defendant is not entitled to immunity from suit. Plaintiff's individual § 1983 claim is DISMISSED WITH PREJUDICE for failure to state a claim. The Magistrate Judge shall promptly conduct a preliminary pretrial conference with respect to the remaining claim.