DECISION AND JUDGMENT ENTRY
Larry R. Warwick and Jenny Perry appeal from a judgment of the Ross County Court of Common Pleas that dismissed their civil rights actions against Donald DeWitt.
Appellants assign the following errors:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON ERRONEOUS FINDINGS OF PLAINTIFF(S) FAILURE TO COMPLY WITH O.R.C. 2969.26.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON ERRONEOUS FINDING OF PLAINTIFF(S) FAILURE TO COMPLY WITH OHIO ADMINISTRATIVE CODE 5120-9-31.
 THIRD ASSIGNMENT OF ERROR
 THE TRAIL (sic) COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON ERRONEOUS JURISDICTIONAL FINDINGS OF O.R.C. 2743.02.
 FOURTH ASSIGNMENT OF ERROR
 THE TRAIL (sic) COURT ERRED IN ABUSING ITS DISCRETION WHEN DETERMINING WHETHER TO GRANT PLAINTIFF(S) NUMEROUS REQUESTS FOR DISCOVERY.
 FIFTH ASSIGNMENT OF ERROR
 THE TRAIL (sic) COURT ERRED BY ALLOWING THE DEFENDANT TO PLEAD OR ANSWER OUTSIDE THE TIME PROVIDED BY CIVIL RULE 12(A)(1).
Appellee is the warden at the Ross Correctional Institution ("RCI"). Appellant Larry R. Warwick is an inmate, currently being held at the RCI. Appellant Jenny Perry is Warwick's fiancée. The appellants became acquainted at the Warren Correctional Institution, where Warwick was formerly incarcerated and Perry was formerly employed. It is alleged that Perry and Warwick engaged in an improper relationship that led to Perry's resignation. Apparently, Perry wished to pursue a relationship with Warwick, who was subsequently transferred to the Southern Ohio Correctional Facility and then finally to RCI. However, due to Perry's violation of the Warren institution's policy, and the concern for safety and security at the facility, Perry was denied any type of visitation privileges with Warwick. Appellants' visits have been indefinitely curtailed despite continuous requests to various public officials. Appellants now wish to marry, but the warden denied their request for a "special visit" to sign a marriage certificate.
Appellants filed a complaint in the court of common pleas of Ross County, arguing that their federal and Ohio constitutional rights have been violated by the failure of the appellee to grant them visitation privileges. Appellants sought declaratory, monetary, and injunctive relief. Upon cross motions for summary judgment, the trial court denied appellants' motion as having failed to meet their initial burden of proving they were entitled to judgment as a matter of law. Conversely, the court granted appellee's motion based on jurisdictional grounds, as well as appellants' failure to exhaust all administrative remedies. Appellants filed this appeal.
It is well-settled law that appellate review of a motion for summary judgment is de novo. Mechanical Contr's Assn. of Cincinnati, Inc. v.Univ. of Cincinnati (2001), 141 Ohio App.3d 333, 337, 750 N.E.2d 1217,1221. The appellate court reviews the record on an independent basis without regard to the trial court's decision. Id. Under Civ.R. 56, summary judgment is appropriate only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau
(2000), 88 Ohio St.3d 292, 300, 725 N.E.2d 646, 652-653. It must appear from the evidence, when construed most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Id. The initial burden is on the moving party to show they are entitled to judgment. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,370, 696 N.E.2d 201, 204. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." Kulchv. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 145, 677 N.E.2d 308,317.
Since appellants' first and second assignments of error consist of similar issues, we will consider them together. We conclude the trial court ruled correctly that appellants' failure to exhaust all administrative remedies prior to commencing their court action barred appellants' claims.[1] 42 U.S.C.S § 1997e(a) states:
 No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. (Emphasis added).
We recently held that "exhaustion of administrative remedies pursuant to § 1997e(a) is a requirement, or condition precedent, which must be met before a prisoner's § 1983 cause of action can accrue." Martinv. Ohio Dept. of Rehab. and Corr. (2001), 140 Ohio App.3d 831, 836,749 N.E.2d 787, 790. When the defense of "failure to exhaust administrative remedies is applicable and has been timely raised and maintained, a court will deny declaratory and injunctive relief." Claggv. Baycliffs Corp. (1998), 82 Ohio St.3d 277, 281, 695 N.E.2d 728, 731.
Ohio Adm. Code 5120-9-31 sets out a three-step grievance process that inmates are to follow before filing a court action. First, an informal complaint must be filed. Ohio Adm. Code 5120-9-31(F). If the inmate is not satisfied with the result, he must then file a formal grievance with the inspector of institutional services. Ohio Adm. Code 5120-9-31(H)(1). Following an investigation and decision made by the inspector, the inmate can then appeal the decision if still dissatisfied with the result. Ohio Adm. Code 5120-9-31(H)(8).
In addition, R.C. 2969.26 sets out the grievance procedure inmates are to follow when initiating a civil action in court. The inmate shall file with the court:
 An affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance. A copy of any written decision regarding the grievance from the grievance system. See R.C. 2969.26(A)(1) and (2).
Appellants have failed to satisfy the requirements of either R.C. 2969.26
or Ohio Adm. Code 5120-9-31. Appellants did file a copy of the informal complaint with the original court papers. However, that was not the end of the required procedure. The appellants did not file affidavits with the original complaint as required by R.C. 2969.26. The fact that appellants sent letters to various public officials over a two-year period is not the proper procedure to have a grievance resolved. The first step of the grievance procedure was undertaken by filing an informal complaint, but the appellants chose to assume their own process from that point on. They should have followed the procedure in Ohio Adm. Code5120-9-31, but in this case, they did not. Therefore, we conclude that appellants did not exhaust all administrative remedies before commencing their action in the trial court and summary judgment in favor of appellee was appropriate as to all federal claims and as to the Ohio claims for injunctive and declaratory relief. Appellants' first and second assignments of error are overruled.
Appellants' third assignment of error involves the jurisdictional requirements of R.C. 2743.02. R.C. 2743.02(F) requires that an action seeking damages against an officer or employee of the state must initially be filed in the Court of Claims to determine whether the officer or employee is entitled to personal immunity under R.C. 9.86. The Court of Claims has exclusive, original jurisdiction to make the determination of immunity. Id. The Court of Claims then also determines whether the court of common pleas has jurisdiction over the damages claim. Id. See, also, State ex rel. Sanquily v. Ct. of Common Pleas ofLucas County (1991), 60 Ohio St.3d 78, 79, 573 N.E.2d 606, 607; White v.Morris (1990), 69 Ohio App.3d 90, 95, 590 N.E.2d 57, 60; Wilson v.Patton (1990), 66 Ohio App.3d 46, 50, 583 N.E.2d 410, 413.
The appellants' complaint includes a state damages claim against the warden of the correctional institution, an employee of the state. Accordingly, appellants were required to initially file that action in the Court of Claims to determine whether the warden was personally immune. Without a previous determination on the immunity issue, the court of common pleas was without jurisdiction to decide the state damages claim. As a matter of law, appellee was entitled to summary judgment on this issue. Appellants' third assignment of error is therefore overruled.
The fourth assignment of error is based on the failure of the trial court to grant appellants' discovery requests. We review a trial court's handling of discovery matters under an abuse of discretion standard.Restivo v. Fifth Third Bank (1996), 113 Ohio App.3d 516, 521,681 N.E.2d 484, 487. A trial court abuses its discretion only when the decision is arbitrary, unreasonable, or unconscionable. State v.Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898. See, also,Crane Hollow, Inc. v. Marathon Ashland Pipe Line, L.L.C. (2000),138 Ohio App.3d 57, 71, 740 N.E.2d 328, 337. An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 473 N.E.2d 264,313 certiorari denied (1985), 472 U.S. 1031; Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252.
Appellants complain that the trial court failed to make "any type of ruling or hold a non-oral hearing" on their discovery requests. When a trial court rules on the merits of case without expressly deciding pending motions, we presume the motion was denied and then determine whether that denial was erroneous. Appellants also complain that discovery was necessary to respond to the appellee's motion for summary judgment. Under Civ.R. 56(F), appellants could have filed a motion to delay consideration of summary judgment, pending discovery.[2] A party who fails to seek relief under Civ.R. 56(F) in the trial court does not preserve its rights thereto for purposes of appeal. Taylor v. FranklinBlvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27, 30, 677 N.E.2d 1212,1214. Appellants did file a motion to compel discovery with the court. However, absent a motion requesting a continuance of the summary judgment proceeding pending discovery, the trial court had discretion to proceed.
More importantly, appellants have failed to show how they could be prejudiced by the lack of discovery. It is not an abuse of discretion for a trial court to grant a motion for summary judgment in spite of outstanding discovery requests when those discovery proceedings would not aid in establishing or negating the facts at issue. Penn Traffic Co. v.AIU Ins. Co. (Sept. 10, 2001), Pike App. No. 00CA653, unreported, citingGlimcher v. Reinhorn (1991), 68 Ohio App.3d 131, 138, 587 N.E.2d 462,467. Appellants have failed to even suggest any additional facts that would have been discovered and aided them in opposing the appellee's motion for summary judgment. Moreover, we are not aware of any discoverable facts that conceivably would allow the appellants to proceed in light of their failures to exhaust their administrative remedies and to proceed in the court of claims. We conclude that the court did not abuse its discretion in granting summary judgment prior to discovery being completed. Appellants' fourth assignment of error is overruled.
Appellants' last assignment of error alleges the trial court erred by allowing appellee to plead or answer outside the 28-day time period required by Civ.R. 12(A)(1). In essence, the appellant contends that the trial court erred in twice extending the time within which the appellee could plead or move in response to the complaint.
Appellants claim that the appellee was in default because he failed to respond within the time provided by Civ.R. 12(A)(1), i.e. 28 days from the service of the complaint. The appellee was served on February 14, 2001. Rule 6(A) provides:
 "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order or court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included."
Thus an answer or motion was required on or before March 14, 2001. The appellee filed a motion on March 14, 2001 requesting an extension of time to move or plead. Civ.R. 6(B) grants a trial court the discretion to extend the time for taking an action when the motion is made before the original period expires or before the period that is extended by a previous order has expired. Appellees received and sought a second extension to move or plead in compliance with Civ.R. 6(B). Their response came in the timely form of Civ.R. 56(C) motion for summary judgment.
We will not reverse a court's decision to extend time absent an abuse of discretion. Civ.R. 6(A). Our review of the record reveals that the appellee sought two extensions and supported each with reasons that the trial court found worthy of extra time to respond. We see no abuse of discretion here. Appellant's last assignment of error is overruled.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] We acknowledge that Perry is not an inmate and thus is not subject to the exhaustion requirement that confronts Warwick. Nonetheless, Warwick's failure to exhaust his administrative remedies effectively precludes Perry from exercising any right of visitation that she may potentially have. Thus, even if we were to consider Perry's claims separately, the result would not change. Accordingly, we have considered their claims together.
[2] Civ.R. 56(F) provides:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.